**William Jacob BRUCE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

Rehearing Denied Oct. 13, 1967.

William C. Morton, Gordon, Gordon & Logan, Carroll Morrow, Moore, Morrow & Frymire, Madisonville, for appellant.

Robert Matthews, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Chief Justice.

Appellant William Jacobs Bruce was indicted for the crime of rape. He was tried and found guilty by a jury in the Hopkins Circuit Court. He appeals from the judgment of that court sentencing him to 12 years in the penitentiary.

His only ground for reversal is that certain evidence introduced at his trial was obtained as a result of an illegal search. The evidence concerned a purse which belonged to the prosecuting witness. The purse was found on appellant's premises by

police officers. They were making a search under authority of a search warrant issued pursuant to an affidavit, the relevant portion of which follows:

> "Information obtained from David Dubock of Arlington, Kentucky and Wendell Tomes of Paducah, Kentucky furnished information that items in the premises described below such as cosmetics, pipes, watches, jewelry are stolen items and these items have been seen by the affiant. * * *"

The objection is that the affidavit failed to state how and when the information was obtained by the informants, or when and how the affiant observed the stolen articles. In Williams v. Commonwealth, Ky., 355 S.W.2d 302 (1962), we said it is "well settled that an affidavit based on information or belief is defective unless it discloses when the observation was made by the informant." We held that a search warrant based on such an affidavit fails and the evidence obtained through it is inadmissible.

 The affidavit here is clearly defective, and the warrant issued in reliance thereon is likewise defective. When an ultimate fact is alleged, even on the basis of personal observation, the affidavit must state when the fact was observed. Henson v. Commonwealth, Ky., 347 S.W.2d 546. It follows that the evidence concerning the purse found during the unlawful search should not have been admitted. To do so was error which was prejudicial to the rights of appellant.

It is no answer that the prosecuting witness identified appellant or that he attempted to explain away his possession of the purse. Except for the introduction of the purse, the only evidence linking appellant to this crime was that of the prosecuting witness. His defense was an alibi (several people said they saw him 12 miles away at the time the offense took place). The introduction of the purse was evidence corroborating the witness that the accused was

the offender, and, consequently, was quite damaging.

As to appellant's attempt to explain how he came into possession of the purse it cannot be said that in so doing he waived the erroneous introduction of the evidence. Once the evidence was admitted he was forced to try to explain it away, or to pretend it was not there. What he did was an attempt to rebut the original evidence and as such did not constitute a waiver. Johnson v. Commonwealth, 217 Ky. 565, 290 S.W. 325 (1927).

The judgment is reversed.

MILLIKEN, PALMORE and STEINFELD, JJ., concur.