**William Jacob BRUCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 16, 1969.

William C. Morton, Gordon, Gordon & Logan, Carroll Morrow, Moore, Morrow & Frymire, Madisonville, for appellant.

John B. Breckinridge, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of the crime of rape and was given a life sentence without benefit of parole. A prior conviction of the same offense was set aside because of evidence introduced which had been obtained by an illegal search. Bruce v. Commonwealth, Ky., 418 S.W.2d 645. On this appeal the only claimed errors relate to two items of evidence.

■ The prosecuting witness positively identified appellant as the man who had forced her into her car at knife point in a parking lot, had her drive him out in the country, committed the act, and returned the car to the parking lot after putting her out. The prosecuting witness testified that a purse she had in the car was missing after the incident, and there was other testimony about its loss. Appellant contends this evidence was irrelevant because there was no proof connecting him with the article. However, the loss of this purse was one of the circumstances which was an incident of the occurrence, and it tended to corroborate the prosecuting witness' story of what had happened. (The defense was an alibi.)

There is a further reason this evidence was relevant when offered. At a former trial appellant had testified that he had seen the purse and had it in his possession. (The

admission of evidence of the discovery of this purse by an illegal search was the error which resulted in reversal of the judgment in the case above cited.) The Commonwealth could anticipate that appellant would testify at the present trial and it planned to, and did, ask him about the purse. He denied having seen it, and no further questions were asked about it. After appellant's denial, the purse did not have the relevance and materiality that it might have had but we are concerned with the competency of the evidence concerning it at the time such evidence was introduced.

■ Assuming, however, that this evidence was irrelevant and immaterial, we can find no substantial prejudice in admitting it which would warrant reversal. It is appellant's position that the members of the jury must have known that at appellant's first trial it was proved that he had possession of this purse and such fact corroborated his connection with the crime. We cannot make this assumption about the jury's prior knowledge or its action upon it. On voir dire, the members of the jury acknowledged that they knew nothing of the facts, and even though they had read in the newspapers about the crime at one time, they remembered none of the details. It would strain credulity to believe, as appellant contends, that the jury convicted appellant because sometime in the past there had been a report that the purse about which there was testimony had been found in appellant's possession. There was no evidence in this case of appellant's connection with the purse, and the jury was sworn to try the case on the evidence before it. We find no prejudicial error on this point.

It is finally contended the trial judge erred in permitting the reading of the testimony of a witness at a former trial of this appellant on the ground that she was ill and could not attend court. On the second day of the trial the Commonwealth's Attorney advised the court he had been notified that a witness who had been subpoenaed had been admitted to the hospital and it was not known when she would be able to testify. On the basis of this statement the court permitted the Commonwealth to read the transcript of her testimony taken at the former trial. This testimony was given by a coworker of the prosecuting witness, who related the latter's appearance and actions immediately after the alleged incident.

■ Under RCr 7.20 and 7.22, a duly authenticated transcript of the testimony given by a witness at a previous trial may be used *"if it appears: * * * that the witness is unable to attend or testify because of sickness * * *"*. (Emphasis added) Appellant argues that the statement of the Commonwealth's Attorney was not sufficient to justify the reading of this former testimony. We think the wording of the rule clearly gives the trial judge a discretion to determine the sufficiency of the showing which would justify the reading of an absent witness' testimony given at a former trial. In Noe v. Commonwealth, Ky., 396 S.W.2d 808, it was held that the court had "reasonable discretion" under RCr 7.20. In that case there was no affidavit, statement or showing on the day of the trial that the nonresident witnesses were not available. In the present case appellant's objection to the reading of this testimony was perfunctory, and no claim was made, or is made, that this witness was not actually absent because of serious illness. If there was a real controversy concerning the conditions precedent to the use of a witness' former testimony, the court certainly would be justified in requiring more positive proof thereof, but under the circumstances here shown, we find no abuse of discretion in accepting the statement of the Commonwealth's Attorney. This would seem particularly true when the testimony was not of major significance and was cumulative.

■ Appellant also contends that the testimony read was not "duly authenticated", as required by RCr 7.22. We think this objection is without merit since no contention is made that the testimony read was

not the testimony actually given by this witness at the former trial, and the same trial judge had presided then. A further answer to appellant's objection is that this evidence, even if erroneously admitted, could not have been prejudicial because it was cumulative in character and concerned incidental matters about which there was no dispute. RCr 9.24.

The judgment is affirmed.

All concur.