**William Jacob BRUCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 26, 1971.

William Jacob Bruce, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

This is an appeal from a judgment denying, without a hearing, appellant's RCr 11.42 motion to vacate a judgment of conviction. The issue presented is one of law.

In 1966 appellant was tried and convicted of the offense of rape under KRS 435.090. His sentence was fixed at 12 years' confinement in the penitentiary. On appeal the judgment was reversed on the ground that certain evidence introduced against him was obtained as the result of an illegal search. Bruce v. Commonwealth, Ky., 418 S.W.2d 645 (1967).

Upon being retried in 1968 on the same charge, he was found guilty and the jury fixed his punishment at life imprisonment without privilege of parole. This judgment was affirmed on appeal in Bruce v. Commonwealth, Ky., 441 S.W.2d 435 (1969).

Subsequently the United States Supreme Court decided North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and that decision is the basis of appellant's contention in this proceeding. Such contention is that his constitutional rights, and particularly the United States Constitution's Fifth Amendment guarantee against double jeopardy, were violated by the imposition of a more severe sentence upon a retrial than resulted from the original conviction.

Appellant, in urging the double jeopardy question, apparently misconceives the reasoning of the Pearce opinion. That opinion specifically states (395 U.S. page 723, 89 S.Ct. page 2079):

"* * * that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction."

The rationale of the decision was that the *due process clause* of the Fourteenth Amendment to the United States Constitution could be violated if (1) a *judge* imposed both sentences, and (2) the more severe sentence after a retrial indicated a punitive and vindictive *policy which had a deterrent effect upon the defendant's exercise of his right to appeal.* The Pearce decision was quite limited in scope. Before the threat of violating the defendant's due process right of appeal arises,

there must be a correlating control of both sentences by the same agency. In Brooks v. Commonwealth, Ky., 447 S.W. 2d 614 (1969), we emphasized the distinction between the *judge* and *jury* sentence.

Clearly under Kentucky practice, when different juries, not the trial judge, determine the sentences, the correlating control and the threat are both absent. As a basic proposition, and as observed in the Pearce opinion, when a defendant has been successful on appeal in having his conviction set aside, it has "been wholly nullified and the slate wiped clean". The sentence goes out the window with the verdict of guilt.

The reversal of a judgment of conviction extinguishes in toto the jury verdict

upon which it was based. If the former jury verdict was a nullity as to guilt, it must also be a nullity with respect to punishment, because under our Kentucky practice the two are closely interrelated. We can find no reason why a nullified jury verdict should retain some breath of life as a limitation upon the functions of a new jury at a retrial. The voided sentence has no relevancy to the new sentence. There is no correlation between the two.

With respect to the threat of discouraging appeals, we can find no basis for it when a new jury is called upon to make an independent determination of guilt and appropriate punishment. It can be assumed such jury would have no knowledge of the prior conviction or the appeal, and we cannot discern how the penalty fixed by a second jury could realistically promote a punitive policy of discouraging appeals by criminal defendants. The second verdict simply does not fit into a policy picture.

Our attention has been called to Pinkard v. Neil, D.C.Tenn., 311 F.Supp. 711 (1970). Therein the court applied Pearce retroactively and decided that it governed jury sentences under Tennessee law. If such practice would be compatible with Tennessee law, which the opinion states, we do not believe it would be compatible with Kentucky law. We have above pointed out what we consider persuasive reasons, but there is another. The principle applied in Pearce is bottomed upon a showing, or lack of a showing, of events *subsequent* to the first trial which throw "new light" upon defendant's "identifiable conduct". We know of no Kentucky law which would justify on a new trial the introduction of evidence generally with respect to defendant's habits, conduct or propensities exhibited *since his former conviction*. On his second trial he is being tried for a crime committed before his first trial, and intervening events between the two, unrelated to such crime, would be utterly irrelevant to the original charge against him. Still further, if such evidence was admitted, we would be confronted with an almost insurmountable difficulty of formulating an adequate jury instruction fairly delineating the impact of this postconviction evidence upon a new verdict.

◼ We conclude that the principle of Pearce does not apply in this case. We note that the courts of Missouri and Texas have taken the same view under their jury procedure. Spidle v State, Mo., 446 S.W.2d 793, 795 (1969); Gibson v. State, Tex., 448 S.W.2d 481, 482 (1970).

We have assumed that Pearce has a retroactive effect, although the United States Supreme Court has not, as far as we know, passed upon that question. See Moon v. Maryland, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970). This opinion will not be construed as deciding it.

The judgment is affirmed.

All concur.