393 A.2d 962

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jose A. MALDONADO, Appellant.**

Superior Court of Pennsylvania.

Argued June 14, 1978.

Decided Oct. 27, 1978.

Lawrence Sager, Pottstown, for appellant.

Eric J. Cox, Assistant District Attorney, Conshohocken, with him William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, Pennsylvania, at No. 1898–77. The procedural history and facts relevant to the appeal are as follows:

On May 16, 1977, an agent of the Pennsylvania Society for the Prevention of Cruelty to Animals (S.P.C.A.) armed with a search warrant, went to the premises owned by the appellant and confiscated a total of seventy-six game fowl along with other paraphernalia pertaining thereto. Appellant was issued a citation charging him with cruelty to animals by keeping gamecocks in violation of section 5511(c) of the Pennsylvania Crimes Code.

Following a hearing before District Justice Martin R. Kiggins, appellant was found guilty and fined $100 plus the costs. He appealed to the Court of Common Pleas of Montgomery County. A trial de novo was held before the Honorable William W. Vogel on August 11, 1977. Because certain suppression issues were raised, the court deferred adjudication until September 9, 1977, at which time appellant was adjudicated guilty and sentenced to pay a $100 fine in addition to the costs. A timely appeal followed, with an agreed statement of the record being filed pursuant to Rule 1924 of the Rules of Appellate Procedure.

■ Appellant contends that the affidavit for the search warrant is fatally defective because it fails to aver facts showing probable cause to search . . . existed up to or about the time of issuance. Our Supreme Court has held that although the information supplied to the magistrate must be tested with a common sense, non-technical, ungrudging and positive attitude, the information must be sufficient to enable the magistrate independently to judge the validity of the affiant's conclusion. Probable cause for the issuance of a search warrant must be established at the time the warrant is issued. *Commonwealth v. Simmons,* 450 Pa. 624, 301 A.2d 819 (1973). See also: *United States v. Bailey,* 458 F.2d 408 (9 Cir. 1972); *Spinelli v. United States,*

393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

In *Commonwealth v. Hagen,* 240 Pa.Super. 444, 368 A.2d 318 (1976), we held that evidence of criminal activity at some prior time will not support a finding of probable cause on the date that the warrant issues unless it is also shown that criminal activity continued up to or about the time of issuance. See also *Commonwealth v. Eazer,* 455 Pa. 320, 312 A.2d 398 (1973); *Commonwealth v. Shaw,* 444 Pa. 110, 281 A.2d 897 (1971); *Commonwealth v. Novak,* 233 Pa.Super. 236, 335 A.2d 773 (1975). There, the affidavit alleged prior dates when criminal activity was personally observed, but there were no underlying facts from which a magistrate could make an independent determination that the criminal activity had continued up to or about the time of issuance. Further, Rule 2003(a) of the Pa. Rules of Criminal Procedure makes it clear that sufficient facts must be alleged in the affidavit, standing alone to show that probable cause to search exists. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

Here, the affidavit reads as follows:

"Following information received from Detective Dominick Teti of Camden, N.J. Police Dept., I proceeded to the residence described above where I observed what appeared to be a large game fowl operation, with individual cages placed' in close proximity to each other on an area behind the house of approximately one acre. It is our intention to search the building and grounds and to remove any birds kept, used or intended to be used for baiting and fighting and also any paraphernalia related to the same under Section 5511(j), P.C.C. such to be taken to our shelter for proper care and disposition."

There is no averment as to when the information was received from Detective Teti or when the SPCA agent made the personal observation of the premises. Therefore, the magistrate couldn't possibly have made a determination

from the affidavit as to whether the purported criminal activity continued up to or about the time of issuance.

Accordingly, the trial court erred in failing to grant appellant's motion to suppress evidence.

The judgment of sentence is reversed and a new trial granted.

HOFFMAN, J., did not participate in the consideration or decision of this case.