**STATE of Iowa, Appellee,**

v.

**Perry P. HENNON, Appellant.**

**No. 66518.**

Supreme Court of Iowa.

Jan. 20, 1982.

William L. Kutmus, P. C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and John Criswell, Warren County Atty., for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

Defendant Perry P. Hennon appeals from his conviction and sentence for possession of a controlled substance with intent to deliver in violation of section 204.401(1)(b), The Code. The sole question is whether the trial court erred in overruling his motion to suppress 144 pounds of marijuana seized from his barn pursuant to a search warrant. He attacks the failure of the warrant to show the date of an informant's observations and the showing of the informant's reliability. We find the warrant was valid and therefore affirm the trial court.

I. *The date of the observations.* Des Moines police officer Michael Shay obtained the warrant from Magistrate John P. Crouch on October 16, 1980. The officer's affidavit contained this statement:

> Confidential informant told affiant this date that she/he saw approximately a large quantity of marijuana . . . in the barn (white) which belongs to the residence at the Southwest corner of the intersection R63 & S.W. 18th Ave., White Oak Township, Warren County, Iowa. The residence home is white with black trim single family dwelling with attached garage. Affiant told by confidential informant this date that the large quantity of marijuana and paraphernalia is in the barn only.

This is the only statement in the affidavit which recites the information received from the informant. Defendant contends the affidavit is defective because it does not disclose the date of the informant's observations.

■ The issue is whether the affidavit established probable cause for believing that a controlled substance was in the barn on the date the warrant was issued. *See State v. Post*, 286 N.W.2d 195, 199 (Iowa 1980) ("The facts must establish probable cause that the . . . evidence is presently being . . . concealed at the place to be searched and cannot merely establish that there was probable cause at some time in the past."). Time is ordinarily not conclusive, "and the staleness issue is resolved by consideration of all the factors present in the particular situation." *State v. Paterno*, 309 N.W.2d 420, 423 (Iowa 1981). For example, a large quantity of material is not as likely to disappear over time as a small quantity. *Post*, 286 N.W.2d at 201.

The problem here, however, concerns whether the affidavit contains any reference point for the magistrate to determine the time of the informant's observations. It is a problem of identifying the date and not merely of measuring the passage of time.

■ If the timeliness of the informant's observations cannot be ascertained from the affidavit, probable cause for the search has not been shown. *See Thomas v. State*, 353 So.2d 54 (Ala.Cr.App.1977); *People v. Padilla*, 182 Colo. 101, 511 P.2d 480 (1973); *Pierson v. State*, 338 A.2d 571 (Del.Sup.1975); *Bachelor v. State*, 143 Ga.App. 442, 238 S.E.2d 579 (1977); *Bruce v. Commonwealth*, 418 S.W.2d 645 (Ky.1967), *later app.* 441 S.W.2d 435 (Ky.1969); *State ex rel. Townsend v. District Court of Fourth Judicial District*, 168 Mont. 357, 543 P.2d 193 (1975); *Warthen v. State*, 557 P.2d 466 (Okl.Cr. 1976); *Commonwealth v. Maldonado*, 259 Pa.Super. 548, 393 A.2d 962 (1978); *Bentley v. State*, 552 S.W.2d 778 (Tenn.Cr.App. 1977).

■ The failure of an affidavit to specify the date of an informant's observations is not always fatal to the warrant, however. Other recitals in the affidavit may show the information is timely. One factor which has sometimes influenced courts to find timely probable cause is the use of the present tense in affidavits. *See, e.g., Guzewicz v. Slayton,* 366 F.Supp. 1402 (E.D.Va. 1973); *Borras v. State,* 229 So.2d 244 (Fla. 1969), *cert. denied* 400 U.S. 808, 91 S.Ct. 70, 27 L.Ed.2d 37 (1970); *Walker v. State,* 140 Ga.App. 418, 231 S.E.2d 386 (1976); *State v. Boudreaux,* 304 So.2d 343 (La.1974); *State v. Clay,* 7 Wash.App. 631, 501 P.2d 603 (1972); *Annot.,* 100 A.L.R.2d 525, 533–34 (1965). Although the timeliness issue was not raised, this court found probable cause was established when an affiant provided information in the present tense in *State v. Jensen,* 189 N.W.2d 919, 925–26 (Iowa 1971). Additional circumstances demonstrated the timeliness of the information in that case.

The difficulty with relying solely on the affidavit's use of the present tense is pointed out in *Rosencranz v. United States,* 356 F.2d 310, 316 (1st Cir. 1966):

> The present tense is suspended in the air; it has no point of reference. It speaks, after all, of the time when an anonymous informant conveyed information to the officer, which could have been a day, a week, or months before the date of the affidavit. To make a double inference, that the undated information speaks as of a date close to that of the affidavit and that therefore the undated observation made on the strength of such information must speak as of an even more recent date would be to open the door to the unsupervised issuance of search warrants on the basis of aging information.

Other courts have adopted this reasoning. *See United States v. Boyd,* 422 F.2d 791 (6th Cir. 1970); *People v. Padilla, supra; People v. Holmes,* 20 Ill.App.3d 167, 312 N.E.2d 748 (1974); *Commonwealth v. Conner,* 452 Pa. 333, 305 A.2d 341 (1973); *State v. Tella,* 113 R.I. 303, 321 A.2d 87 (1974); 1 LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.7(b) at 696–97 (1978).

The present case is distinguishable from the *Rosencranz* line of cases. Here the use of the present tense has a point of reference. The officer recited that the informant provided him with the information "this date," plainly meaning the date of the warrant application. Thus the double inference which is criticized in *Rosencranz* is not involved in this case.

■ Because of the preference for warrants, we must construe them in a commonsense manner and resolve doubtful cases in favor of their validity. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965). Examining the affidavit in that light, we believe the officer's use of the present tense reasonably signifies that the informant's observations were fresh on the date of the application, which was the date the officer received the information. The officer said he was told on October 20, 1980, that "the large quantity of marijuana and paraphernalia is in the barn only."

In these circumstances we hold that probable cause existed for believing the marijuana was in defendant's barn on the date the warrant was issued.

II. *Reliability of the informant.* In seeking to demonstrate the reliability of his informant, the officer averred:

> Confidential informant on this date has told affiant of location of other controlled substances which have been verified by affiant on this date in exact location confidential informant said the marijuana would be in the possession of the person confidential informant indicated would have possession.

> Affiant has lengthy experience in identifying marijuana and other controlled substances.

The officer also stated the informant had not given false information in the past. He acknowledged that no arrests or convictions had resulted from information supplied by the informant previously.

Defendant alleges the magistrate was not presented with sufficient facts from which

he could conclude the informant was reliable. This issue involves the "second prong" of the test from *Aguilar v. Texas*, 378 U.S. 108, 113–14, 84 S.Ct. 1509, 1513–14, 12 L.Ed.2d 723, 728–29 (1964). The *Aguilar* test has been discussed and applied in several of our cases. *See, e.g., State v. Paschal*, 300 N.W.2d 115 (Iowa 1981); *State v. Moehlis*, 250 N.W.2d 42 (Iowa 1977); *State v. Easter*, 241 N.W.2d 885 (Iowa 1976). Nothing would be added to our jurisprudence by repeating that discussion here.

One way to satisfy the second prong of the *Aguilar* test is to show, as here, that the informant previously gave accurate information. *See, e.g., United States v. Perez-Esparza*, 609 F.2d 1284 (9th Cir. 1979); *United States v. Garner*, 581 F.2d 481 (5th Cir. 1978); *United States v. Hittle*, 575 F.2d 799 (10th Cir. 1978); *United States v. Graham*, 548 F.2d 1302 (8th Cir. 1977); *United States v. Hall*, 545 F.2d 1008 (5th Cir. 1977) (per curiam). The statement that the informant had not given false information in the past also supports a finding of reliability. *See People v. Cruz*, 244 Cal.App.2d 137, 53 Cal.Rptr. 354 (1966). We hold that the informant's reliability was shown in the present case.

The trial court did not err in overruling defendant's motion to suppress on either ground urged.

AFFIRMED.