445 A.2d 188

**Jose A. MALDONADO, Appellant,**

v.

**The PENNSYLVANIA SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1980.

Filed April 30, 1982.

W. D. Murphy, Pottstown, for appellant.

Richard H. Elliott, Doylestown, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

Two years prior to filing the instant action in the court below, plaintiff-appellant Jose Maldonado was arrested and charged with cruelty to animals under 18 Pa.C.S.A. § 5511(a). The arrest followed a search of appellant's property by an agent of appellee, The Pennsylvania Society for the Prevention of Cruelty to Animals (SPCA), under a search warrant obtained by the SPCA pursuant to 18 Pa.C.S.A. § 5511(c). Appellant was tried and found guilty of cruelty to animals but his conviction was ultimately reversed by this court because the search warrant was found to be defective. *Commonwealth v. Maldonado*, 259 Pa.Super. 548, 393 A.2d 962 (1977).

Appellant thereafter instituted this suit alleging that the SPCA, through its agent, trespassed upon his property and that the trespass was the cause of various damages sustained by appellant. The SPCA filed preliminary objections in the nature of a demurrer. The lower court sustained the preliminary objections and dismissed the complaint. Appellant filed an appeal to this court and we now reverse.

The lower court's conclusion that the complaint did not state a cause of action was based on the fact that the agent's entry was privileged, since the agent was acting under a search warrant issued pursuant to 18 Pa.C.S.A. § 5511(c), and on the court's observation that "in this case there is no claim that the agent acted in bad faith concerning the existence of probable cause." (Lower court opinion at 3).

On the contrary, paragraph 13 of the complaint alleges that "The aforesaid activities were intentionally and maliciously conducted, without good faith, and in reckless disregard of the rights of plaintiff..." (Reproduced record at 3(a)). One of the "aforesaid activities" was the obtaining of the search warrant without probable cause. (See paragraph 3 of the complaint, reproduced record at 2(a)).

Since the court grounded its dismissal of the complaint on a misapprehension of the averments contained therein as to pleading a lack of good faith, we must reverse.

The order dismissing the complaint is reversed and appellant's cause of action is reinstated.