STATE of Iowa, Appellee,

v.

John BUCK, Appellant.

No. 61609.

Supreme Court of Iowa.

Jan. 24, 1979.

As Modified Feb. 22, 1979.

William L. Kutmus, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Dan L. Johnston, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS, and ALLBEE, JJ.

HARRIS, Justice.

Defendant was convicted of five counts of lascivious acts with a child, in violation of § 725.10, The Code, 1975. At his request he was sentenced under the provisions of The Code, Supp., 1977. On appeal he claims three assignments of error: (1) the trial court refused to grant him probation; (2) he was sentenced for conduct which would not be criminal under The Code, Supp., 1977; and (3) the trial court sentenced him to consecutive terms. We affirm the trial court.

The five counts relate to five victims. Two were less than 14 years of age. Three were 14 years of age or more. Defendant was sentenced for a term of five years under count I and a consecutive five year term under count III. He was sentenced to terms of five years each for counts II, IV and V, to be served concurrently with the five-year term for count III.

█ I. In considering the defendant's challenge to the refusal of the trial court to grant him probation ". . . we have adhered to the rule that so long as the sentence is within the statutory maximum we will not reverse absent an abuse of discretion. . . ." *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). ". . . Abuse of discretion is shown only when the one objecting to the ruling has displayed that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. . ." Quoted in *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976).

A grant of probation ". . . assumes the offender can be rehabilitated without serving the suspended jail or prison sentence. . . ." *State v. Rogers*, 251 N.W.2d 239, 244 (Iowa 1977).

The discretion we have long accorded trial courts in criminal sentencing was recognized in the 1977 Code Supplement:

". . . The court shall determine . . . of the authorized sentences, which of them or which combination of them, *in the discretion of the court*, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." § 901.5, The Code, Supp., 1977 (emphasis added).

This language follows the letter and spirit of the statute's predecessor, § 789A.1(2), The Code, 1975. See *State v. Rogers*, supra, 251 N.W.2d at 241.

In rejecting defendant's request for probation, the trial court pointed to a statutory consideration: protection of the community from further offenses. The trial court also felt that a grant of probation would depreciate the seriousness of the crime. The record also indicates the court was in part prompted by its views on what would best rehabilitate the defendant. We cannot say the trial court's discretion was exercised on grounds clearly untenable or unreasonable. There was no abuse of discretion.

The first assignment is without merit.

█ II. Defendant argues the trial court erred in imposing judgment and sentence for conduct which would no longer be criminal under the Supplement 1977. He points to the fact that at least three of the complainants were 14 years old, or more, at the time of the acts. Defendant was charged under § 725.10, The Code, 1975, which defined the acts and proscribed them with any person under the age of 16. Under the 1977 Supplement the same conduct is now proscribed with any child under the age of 14 years. § 709.8. Defendant argues that, since he was sentenced pursuant to the provisions of the 1977 Supplement, he should not be punished for conduct not proscribed in the 1977 Supplement.

In this contention defendant is faced immediately by § 801.5(1), The Code, Supp., 1977. It provides that the Supplement does not apply to any offenses committed before its effective date. According to this section prosecutions for offenses previously committed are to be governed by prior law. The section further points out that an offense is to be considered as committed before the effective date if any elements of the offense occur before that date. Section 801.5(1), The Code, Supp., 1977 appears to

be a rather typical savings clause. LaFave & Scott, Criminal Law, ch. 2, § 13, p. 100 (1972).

Defendant seeks to avoid the effect of the savings clause by reason of the court's acceptance of his application to be sentenced under the 1977 Supplement. Under § 801.5(2)(b), upon defendant's request and the approval of the court, the trial court may impose a sentence or suspend imposition of a sentence under the provisions of the 1977 Supplement. Defendant believes, since he was sentenced under the new Supplement, the savings clause should have no effect. The difficulty with this argument is the express language of § 801.5(2)(b)(2). Permission to sentence under the new act is granted where it is ". . . applicable to the offense and the offender." The legislature appears to have taken pains to grant the privilege only where it could be made applicable both to the offender and to the offense. This language recognizes that some crimes, such as lascivious acts with a minor, have been amended in the recent revision. Therefore, in order to sentence pursuant to the new criminal code for prior offenses, the sentencing court must first find the applicable provision in the Code Supplement, 1977. It can then apply the new statutory range of sentences provided for this crime. The section does not, however, substitute for old offenses the revision's definition of the crime.

The issue here is somewhat clouded by reason of the trial court's misstatement that defendant was convicted pursuant to § 709.8, The Code, Supp., 1977. This of course was not the fact. Defendant was charged and convicted of violating § 725.10, The Code, 1975. Although it is not an issue in this appeal we point out that the misstatement was not reversible error. Nor is the judgment thereby nullified. See *State v. Klinger*, 259 Iowa 381, 383, 144 N.W.2d 150, 151 (1966) and *State v. Harper*, 220 Iowa 515, 523–524, 258 N.W. 886, 891 (1935).

1. A statute now provides for consecutive sentences. Acts of the 67th G.A., 1978, ch. 1091, § 4. This provision, approved June 2, 1978, was made applicable to persons sentenced after

Defendant's second assignment is without merit.

■ III. Defendant claims the trial court acted illegally when it sentenced him to consecutive terms of imprisonment for convictions under the different counts of the indictment. Prior to the enactment of the 1977 criminal code revision the authority of a trial court in imposing sentences for consecutive terms was codified in two sections of the Code. Section 789.12, The Code, 1975, provided: "If the defendant is convicted of two or more offenses, the punishment of each of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other 'of the offenses." Section 789.14, The Code, 1975, provided: "If a person be sentenced for two or more separate offenses and the second or further term is ordered to begin at the expiration of the first and such succeeding term of sentence is specified in the order of commitment, the several terms shall for the purpose of section 789.13 be construed as one continuous term of imprisonment."

Both these provisions were repealed as a part of the new criminal code revision, effective January 1, 1978. Acts of the 66th G.A., 1976, ch. 1245 (ch. 4), § 526. No similar provisions were enacted in the new revision.[1] Defendant argues the repeal, with no re-enactment, revoked the trial court's authority to impose consecutive sentences.

It is significant that both repealed sections, 789.12 and 789.14, were declaratory of the common law. In *Cleesen v. Brewer*, 201 N.W.2d 474 (Iowa 1972) we considered a claim that a sentence for breaking and entering and one for escape should run concurrently rather than consecutively. We said ". . . Iowa has two statutes on the subject. The general statute, § 789.12 of the Code, reflects the common law . . . ." 201 N.W.2d at 477.

January 1, 1978. Defendant was sentenced before enactment of this provision. Because we rely on other grounds, we have no occasion to consider the provision's retroactive effect.

In *State v. Criswell*, 242 N.W.2d 259 (Iowa 1976) we held that it was not error to impose consecutive sentences upon conviction of two separate offenses in one prosecution. We rejected the claim of error on the basis of the trial court's inherent power to order consecutive sentences, although we bolstered our holding by recognizing there was also statutory authority for our position. 242 N.W.2d at 261.

It is well settled that: ". . . The legislature is presumed to know the common law before the statute was enacted, and so the repeal of a statute, even though declaratory of it, revives the common law as it was before the statute." 2A Sutherland Statutory Construction (Sands, 4th Ed.), § 50.01, p. 268. In accord see 82 C.J.S. Statutes § 386, p. 915; 73 Am.Jur.2d, Statutes, § 384, p. 506.

Repeal of §§ 789.12 and 789.14 left the authority of the trial court as it existed at common law. The trial court accordingly possessed the inherent authority to render consecutive sentences. Defendant's contention to the contrary is without merit.

AFFIRMED.

All Justices concur.