STATE of Iowa, Appellee,

v.

Ira MORRISON, Appellant.

No. 67689.

Supreme Court of Iowa.

Aug. 25, 1982.

Lawrence Scalise and Ann Fitzgibbons of Scalise, Scism, Gentry, Brick & Brick, Des Moines, and John E. Baldridge of Baldridge, Baldridge & Boyd, Washington, for appellant.

Thomas J. Miller, Atty. Gen., Richard Cleland, and Harold Young, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

Defendant Ira Morrison appeals from the sentence entered on his guilty-plea conviction of extortion under section 711.4(5), The Code. At the time of the offense defendant was a district judge. The statute makes it a class "D" felony for a public officer to threaten to take or withhold action with the purpose of obtaining something of value. Defendant admitted he violated the statute in an alleged attempt to obtain the services of a criminal defendant as a narcotics informant. Under section 902.9(4), a person convicted of a class "D" felony is subject to a maximum sentence of not more than five years confinement and a fine of not more than $1000. Upon being sentenced to confinement for the indeterminate term, defendant appeals, contending the trial court erred in refusing to grant him probation. We affirm.

Pursuant to section 901.5, the trial court had authority to grant probation in this case. In determining which sentencing option to select, the court was required to decide "which of them or which combination of them, in the discretion of the court, [would] provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." *Id.* Under Iowa R.Crim.P. 22(3)(d), the court was required to "state on the record its reason for selecting the particular sentence."

Fifteen persons testified in defendant's behalf in the sentencing hearing. They included judges and a number of other public officials and prominent persons. In addition, seventeen letters were received, all supporting leniency. The testimony, letters, and statements of counsel showed that except for the present offense defendant had a long and distinguished career as lawyer and judge. Other than a history of alcoholism, there was nothing in his background to account for the offense.

After hearing the testimony and statements of counsel, the trial court made the following comments before pronouncing sentence:

Thank you. Well, I appreciate both of your comments. I appreciate the comments of those witnesses that you have called this morning. I particularly appreciate having the benefit of hearing five Judges speak. I think I can categorize it's from the heart rather than from their judicial [consciences]. I, unfortunately, am not afforded that privilege, though I might like to this morning. In addition to the testimony that I've heard, I have received a number of letters from attorneys, from others attesting to the good character, reputation, personal history of the defendant. They confirm those matters contained in the pre-sentence investigation. They generally urge that first offender status under these circumstances merits leniency. They state, correctly, that you have suffered public ignominy, personal and private embarrassment, you have lost community reputation and respect, you have been adversely affected in your family relationship, you have lost your judicial office and undoubtedly will lose your right to practice your profession in the future. It is important to understand that these non-penal collateral punishments, to some extent, affect every defendant who appears for sentencing. They may be considered in determining the appropriate disposition in the case of many defendants. To insist, however, that these collateral detriments somehow abrogate statutory punishment is, however, specious. A judge occupies a special office and takes a special oath not applicable to any other public official, to with-

out fear, favor, affection or hope of reward administer justice according to law. It is the hallmark of our American system and the honest execution of that office is the last barrier to individual oppression. You did not simply breach a fiduciary trust or a professional responsibility, or act dishonestly as an individual, you did so as a judge, assaulting the base integrity of our justice system.

Mr. Morrison, you are presently absorbed in your own personal dilemma, but human nature being what it is, you will adjust, you will accept the circumstances and your life, though changed, will go on. But long after your adjustment and acceptance, the stigma of your guilt will be a burden borne by our judicial system and every member past, present and future of this state's judiciary and will live and be perpetuated and forever weigh against all of those who faithfully and honestly execute their office of judge. You have done a terrible wrong to the people of this state and the punishment is set forth in the very statutes you swore to uphold. That punishment must be real and visible and not subject to misunderstanding by any who shall learn of its imposition. Mr. Morrison, for all of those reasons, your application for probation is denied.

Defendant contends that the court abused its discretion and, in addition, employed invalid criteria in denying him probation. His abuse of discretion argument is premised on the evidence adduced in the sentencing hearing. His additional argument is based on assertions the court sentenced him as an example, treated probation as a symbol of leniency, and ignored his individual characteristics.

■ This court will not find an abuse of discretion in a denial of probation unless the defendant shows "that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979). The State, quoting *State v. Warner,* 229 N.W.2d 776, 783 (Iowa 1975), asserts "the result must be so palpa-

bly and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." We take this occasion to disavow that statement in *Warner.* It distorts the meaning of the standard as it actually has been applied and is inconsistent with discussion of the concept in other cases.

In *State ex rel. Fletcher v. District Court,* 213 Iowa 822, 831, 238 N.W. 290, 294 (1931), the court said abuse of discretion "does not imply a bad motive, or a wrongful purpose or perversity, passion, prejudice, partiality, moral delinquency, willful misconduct, or intentional wrong . . . . It does not imply reproach." In *Best v. Yerkes,* 247 Iowa 800, 816, 77 N.W.2d 23, 32 (1956), the court approved a definition of the term as "an erroneous conclusion and judgment, one clearly against the logic and effect of facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." In *Jacobsen v. Gamber,* 249 Iowa 99, 101–02, 86 N.W.2d 147, 149 (1957), the court said it "is not a term of opprobrium, but only of error in arriving at the conclusions thought to sustain the ruling made." The statement of the standard in *Buck* is consistent with its definition in these cases and will be applied here.

■ Applying the *Buck* standard, we find no merit in defendant's attack on his sentence. A sentence must fit the person and circumstances. Each decision must be made on an individual basis, and no single factor is alone determinative. *State v. Dvorsky,* 322 N.W.2d 62, 67 (Iowa 1982); *State v. McKeever,* 276 N.W.2d 385, 387 (Iowa 1979). In this case the trial court was required to consider that defendant was a judge at the time of the offense. Defendant's status was integral to the offense and its gravity. The offense was more serious because defendant was a judge than it would otherwise have been. *See State v. Welsh,* 202 Neb. 249, 253–54, 275 N.W.2d 54, 57 (1979). The seriousness of the offense is an important sentencing consideration. Probation may be refused when it would unduly depreciate the seri-

ousness of the crime. *Buck,* 275 N.W.2d at 195. The court's statement of reasons for denying probation shows this was the most significant but not exclusive sentencing factor in the present case.

 Even though this court has not adopted the ABA standards governing sentencing, the sentence here was consistent with them. *See* ABA Standards, Sentencing Alternatives and Procedures, § 2.5(c) (1968); ABA Standards, Probation, § 1.3(a). Defendant has not demonstrated that the court either abused its discretion or employed invalid criteria in denying his request for probation.

This case undoubtedly had a devastating effect on defendant. As with many offenses, abuse of alcohol was a factor in its commission. At the time of sentencing, defendant had taken commendable strides toward controlling his alcoholism. He had resigned from the judiciary, suffered great personal embarrassment, and was characterized as a broken man. No one seriously contended he must be imprisoned for the sake of rehabilitation or even to deter others from similar offenses. It was not unreasonable, however, for the trial court to find under all of the relevant circumstances that a retributive sentence was warranted for this serious and tragic breach of public trust.

AFFIRMED.