STATE of Iowa, Appellee,

v.

Michael Dennis AHART, Appellant.

No. 67487.

Supreme Court of Iowa.

Sept. 29, 1982.

Thomas R. Eller of Nash, Eller, Brink & Claussen, Denison, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., Valencia J. Voyd, Legal Intern, and Lon Tullar, Sac County Atty., for appellee.

**318**

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

The issue in this case is whether an officer's warrantless entry by ruse and without cause into a private home provides probable cause for a subsequent warranted search at which incriminating evidence is seized. Michael Ahart contends that evidence seized during the search of his home was obtained illegally and should have been suppressed. Consequently, he argues that his conviction for possession of a controlled substance in violation of Iowa Code § 204.401(3) (1981) should be reversed. We hold that if the police effect a ruse to obtain entry to a home based only on conjecture of criminal activity, incriminating evidence seen in plain view in the home does not provide probable cause to issue a subsequent search warrant. The motion to suppress should have been sustained and we reverse and remand for a new trial.

The facts of this case are not in dispute. On January 12, 1981, law enforcement officials applied successfully for a search warrant before the district court. The court was informed that on January 8 two officers drove their car to the front of Michael Ahart's home, stopped the car, and began to act as if the car had engine problems. One officer knocked on Ahart's door and told the person who opened the door that his car had broken down and that he needed to call his boss. The officer was allowed to enter and he pretended to place a credit card phone call and to talk to someone. While using the phone the officer observed marijuana and drug paraphernalia in the room. Without taking any action concerning the drugs, the officer went back to his car, got it started, and left the area. Several days later a search warrant was issued on this information and on January 31 a search of the house resulted in the discovery of marijuana. Ahart's motion to suppress evidence was denied and at trial he was convicted of possession of marijuana.

Ahart urges on appeal that the initial warrantless entry obtained by the ruse violated the fourth amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. He further contends that the evidence obtained as a result of the subsequent warranted search is tainted and should have been suppressed. The State contends that a search following entry by ruse is constitutional if it is limited to the scope of the consent to enter. The State urges in this case that the observation could have been made by anyone granted entry to use the telephone and thus was legitimately made by the officer.

When a defendant challenges a search and seizure on constitutional grounds, the scope of our review is de novo. "In such situations we make an independent evaluation of the totality of the circumstances." *State v. Iowa District Court in and for Johnson County,* 247 N.W.2d 241, 245 (Iowa 1976).

An unlawful search taints all evidence obtained in the search or through leads uncovered by that search and bars its subsequent use. *State v. Swartz,* 244 N.W.2d 553, 555 (Iowa 1976); *Wong Sun v. United States,* 371 U.S. 471, 484–85, 83 S.Ct. 407, 415–16, 9 L.Ed.2d 441, 453–54 (1963). Thus, if the warrantless ruse entry was unlawful then the evidence obtained by the warranted search of Ahart's house must be suppressed because the warrant was obtained as a direct result of the violation.

Absent a warrant, the burden to show that the officers' actions were lawful is on the State. *State v. Ege,* 274 N.W.2d 350, 353 (Iowa 1979). A warrantless search is presumptively unreasonable; there are, however, certain exceptions to that rule. *State v. Cullor,* 315 N.W.2d 808, 811 (Iowa 1982). The sole exception relevant to this case is grounded on consent. A free and voluntary consent to search obviates a warrant. *Ege,* 274 N.W.2d at 353. Within this exception for consent searches, however, there are additional considerations when the police disguise their identity and through trickery or deception obtain consent to enter a private home.

Warrantless entry gained by ruse is often legitimate. Police may use deceptive ploys to secure entry to execute a valid search or arrest warrant. *United States v. Syler,* 430 F.2d 68 (7th Cir. 1970); *State v. Iverson,* 272 N.W.2d 1 (Iowa 1978). When an undercover agent uses deception to obtain an invitation to a home to consummate an illegal transaction the evidence obtained by the agent is admissible in court. *Lewis v. United States,* 385 U.S. 206, 211, 87 S.Ct. 424, 427, 17 L.Ed.2d 312, 316 (1966). There is also substantial authority that an entry by ruse is lawful even if an officer is not invited onto the premises for the specific purpose of engaging in an illegal transaction. *Cf. United States v. Wright,* 641 F.2d 602, 604 (8th Cir. 1981) (special agent, tipped that defendant falsified firearm record and sold narcotics, feigned car trouble to gain entry to defendant's motel room); *United States v. Oakes,* 564 F.2d 384, 386–87 (10th Cir. 1977) (agent, posing as firearms dealer, was repeatedly invited into defendant's home; incriminating evidence was not obtained until the agent had made several visits); *United States v. Raines,* 536 F.2d 796, 799–800 (8th Cir. 1976) (agent pretended to have a mutual friend with defendant who was identified by informer as a heroin source). In these cases, however, the officer-agent had some rational basis to suspect criminal activity before he effected a ruse to gain entry into defendant's home or motel room.

While we recognize that a warrantless entry effected by ruse must often be allowed if the government is to ferret out "those organized criminal activities that are characterized by covert dealings," *Lewis,* 385 U.S. at 210–11, 87 S.Ct. at 427, 17 L.Ed.2d at 316, we are equally cognizant that the security of one's home against arbitrary intrusion by the police is at the core of the fourth amendment and basic to our society. *Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040; 68 Am. Jur.2d *Search and Seizure* § 2 (1973) and cases therein cited. Consequently, not all warrantless entries gained by ruse are valid. Certainly, such an entry is not allowable if it is arbitrary.

It is our conclusion that consent given to a warrantless entry to a private home is invalid if the police, absent a show of cause, obtain entry by ruse. As noted previously, this cause may be based on the officer's participation with the consentor in an illegal transaction or it may be grounded on a reasonable belief that criminal activity is afoot. The consent is clearly invalid, however, when there is no reason shown for selecting a particular home to enter. We hold that a search is patently unreasonable as an arbitrary intrusion when it is based upon consent obtained by deception unless there is a justifiable and reasonable basis for the deception.

In this case, however, we are unable to determine whether the police had any reason whatsoever to believe that criminal activity was afoot in the Ahart home. The officers failed to articulate any cause for the ruse and the record is devoid of any indicia of logical connection between the ruse and legitimate law enforcement. We are forced to conclude that the intrusion was based on mere conjecture or idle curiosity. Police intrusion into a home based on mere conjecture suggests that officers are entering homes randomly in hope of discovering incriminating evidence. The officers' actions violate both the United States and the Iowa Constitutions which have as a purpose the prevention of such unreasonable intrusion. Thus, we hold that the warrantless entry into the Ahart home violates both the fourth amendment to the United States Constitution and article I, section 8, of the Iowa Constitution. Since the subsequent warrant was obtained by the use of this illegal search, the evidence seized as a result of the warranted search must also be suppressed.

For the reasons we have given, we reverse the judgment of the conviction and remand for a new trial.

REVERSED AND REMANDED.