STATE of Iowa, Appellee,

v.

Joseph Edward HILL, Susan Lynne Zeglin, and Michelle Marie Perkins, Appellants.

No. 89–1578.

Court of Appeals of Iowa.

Nov. 29, 1990.

Linda Del Gallo, Acting State Appellate Defender and B. John Burns, Asst. Appellate Defender, for appellant Hill.

Bobbi M. Alpers, Davenport, for appellant Zeglin.

Gary D. McKenrick, of Gomez, May, McKenrick & Kelly, Davenport, for appellant Perkins.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., William E. Davis, Scott County Atty., and H.J. Pries, Asst. County Atty., for appellee State.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Michelle Perkins, Joseph Hill and Susan Zeglin were jointly charged with possession of cocaine with intent to deliver. The three were accused of taking part in a common scheme to sell drugs. In addition, Perkins and Hill were charged with possession of marijuana, and Zeglin was charged with possession of heroin.

After a joint trial, a jury found all three defendants guilty of all charges. All three defendants have appealed the resulting convictions. The three appeals have been consolidated under a single docket number. The three defendants raise separate issues and have filed separate briefs.

Zeglin challenges the sufficiency of the evidence to prove she was involved in the drug delivery scheme with Perkins and Hill.

Hill challenges the admission of evidence seized from his car pursuant to a search warrant. He contends the warrant lacked sufficient specificity to identify him or his car as subjects of the search. The warrant covered the Perkins apartment, any person in the apartment, and any vehicle under the control of such a person. Hill had been in the Perkins apartment earlier on the night of the search but had left before the warrant was executed.

Perkins challenges the imposition of sentence. She contends the sentencing court failed to exercise its discretion because it did not consider Iowa Code section 901.10. That statute permits a court to impose a lesser sentence than the mandatory minimum stated in section 204.413, if a defendant has no prior drug convictions and there are mitigating circumstances.

I.

Susan Zeglin argues there is insufficient evidence to support her conviction for possession of cocaine with intent to deliver. She does not appeal her conviction for possession of heroin. Accordingly, we review the evidence against her on the first charge.

Our scope of review is on assigned error only. Iowa R.App.P. 4. The standard of review in challenging the sufficiency of the evidence is well established. *State v. Lampman*, 342 N.W.2d 77, 81 (Iowa App. 1983). We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981).

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, including legitimate inferences and presumptions that fairly and reasonably may be deduced from the evidence in the record. *State v. Hall*, 371 N.W.2d 187, 188 (Iowa App.1985); *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record, and not just the evidence supporting the verdict, to determine whether there is substantial evidence to support the charge. *Hall*, 371 N.W.2d at 188; *Bass*, 349 N.W.2d at 500. Substantial evidence means evidence which would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Hall*, 371 N.W.2d at 188; *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984).

Zeglin was observed in the apartment where the large cache of drugs was located. Her purse, containing heroin, cocaine, and a glass "snorting tube," was found there. Most importantly, she was

observed carrying a particular shopping bag into the apartment shortly before the search. That shopping bag was found to contain a very sensitive gram scale, commonly used by drug dealers to measure small quantities of drugs.

Whether these items, taken together, showed Zeglin's involvement with the drug trade was a question of fact for the jury. Based on the record before us, the jury was justified in finding as it did. There is substantial evidence to support the jury's verdict.

We affirm on this issue.

## II.

■ In his appeal, Joseph Hill has challenged the search warrant under which the police stopped and searched his person and car. He argues the search warrant lacked the required specificity.

As he raises objections of a constitutional dimension, our review is de novo. *State v. Ahart*, 324 N.W.2d 317, 318 (Iowa 1982). "In such situations we make an independent evaluation of the totality of the circumstances." *Id.*

The search warrant authorized the police to search:

The address of 531 E. 15th St. apt. # 1. This apt. being rented by Michelle Perkins. Also any person at the residence and any vehicle under their control. Also any garage and or storage area used by the renter.

Hill was in the apartment at the time the search warrant was issued. The police watched Hill leave the apartment and get into his car. They stopped the car a short distance from the apartment so they would not be detected by others still in the apartment.

Hill argues because the warrant essentially allowed the police to search all the vehicles connected somehow with the apartment even if their owners were simply casual visitors, the warrant was overboard. Additionally, the warrant and affidavits failed to specify him or his car. The affidavits merely stated "a unk. M/B is helping her." This description, he argues, is too general to satisfy the the warrant requirement of specificity.

Our holding in this case is premised on the fact the search warrant at issue was focused on a specified apartment rather than upon any individual. We note the "M/B [black male]" description by itself would not be specific enough for a search warrant. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 885–87, 95 S.Ct. 2574, 2582–83, 45 L.Ed.2d 607, 619–20 (1975); *Arguelles–Vasques v. I.N.S.*, 786 F.2d 1433, 1435 (9th Cir.1986), 800 F.2d 223 (1987), 844 F.2d 700 (1988) (vacated on other grounds).

"Because of the preference for warrants, we must construe them in a common sense manner and resolve doubtful cases in favor of their validity." *State v. Hennon*, 314 N.W.2d 405, 407 (Iowa 1983).

This was not a warrant to search Grand Central Station or the local K–Mart. The warrant in this case was limited to the persons in the apartment and to the cars under their control at the time of its execution. We hold it was sufficiently specific under the circumstances to authorize the search in question.

We affirm the trial court on this issue.

## III.

■ Finally, we consider Michelle Perkins' contention the trial court abused its discretion by not considering the mitigation provisions of Iowa Code section 901.10. *See State v. Morrison*, 323 N.W.2d 254, 256–57 (Iowa 1982). Perkins' conviction under Iowa Code section 204.401 triggered application of Iowa Code section 204.413. That section provides for a one-third mandatory minimum sentence. Contrary to the State's assertion, section 901.10 is applicable in this case.

A court sentencing a person for the person's first conviction under section 204.406, 204.413, or 902.7 may, at its discretion, sentence the person to a term less than provided by statute if mitigating circumstances exist and these circumstances are stated specifically in the record. However, the state may appeal

the discretionary decision on the grounds that the stated mitigating circumstances do not warrant a reduction of the sentence.

Iowa Code § 901.10 (1989).

We note this statute is permissive, not mandatory. The court "may" exercise its discretion. We further note this issue was not raised at the sentencing hearing, even though Perkins' attorney was present. Further, the judge considered mitigating Perkins' sentence, but declined to do so. *See Morrison*, 323 N.W.2d at 256–57. Finally, the State is authorized by statute to appeal any mitigation of a mandatory minimum sentence. Iowa Code § 901.10. We could construe this as an appeal by the State that the trial court abused its discretion by mitigating the mandatory minimum sentence. *See id.*

The trial judge stated at Perkins' sentencing:

But the fact of the matter is that I've got a problem here, where you—the jury found—and I'm not going to nullify the jury verdict—that you were dealing in cocaine. Whether by yourself or through someone else is really not the point now. You got yourself involved in that, and in view of the fact that I don't have anything else to offer you that hasn't been offered to you, when you've been on—involved with the system before, and that you're not able to take advantage of it—and we need to do something to stop this scourge—I'm not going to grant probation. I think it's most risky in your case, because of your drug problem.

In reviewing the sentencing hearing, we are impressed with the fact the judge and Perkins' attorney addressed the option of probation and drug treatment. The court denied the request for the above-stated reasons. We are satisfied the court considered mitigating circumstances and concluded the regular sentence under section 204.401 was appropriate in this case. We hold the trial court did not abuse its discretion in the sentencing proceeding.

We affirm on this issue.

AFFIRMED.

SACKETT, J., concurs.

SCHLEGEL, P.J., specially concurs.

SCHLEGEL, Presiding Judge (specially concurring).

I agree with the conclusion reached by the majority in all respects. I write only to suggest that the sentence of Michelle Perkins, while legally unassailable, may not be designed to achieve the maximum benefits suggested by Iowa Code section 901.5, when it states, in relevant part:

The court shall determine which [sentencing options are] authorized by law for the offense, and of the authorized sentences, which of them or which combination of them, in the discretion of the court, will provide *maximum opportunity for the rehabilitation of the defendant,* and for the protection of the community from further offenses by the defendant and others. . . .

(Emphasis added.)

From the record it appears there was a claim that Perkins was addicted to certain drugs or alcohol or both. Treatment for those addictions will be essential if there is any chance of her rehabilitation and for the protection of the community from further offenses by her. I hasten to add that such treatment may not succeed in her case; however, I believe we should try. I believe it makes sense, both financially and in the interest of society's desire to avoid recidivism, to attempt treatment before resort is had to the far more expensive process of imprisonment. Such imprisonment is always simpler and available.

Following her incarceration, Perkins will return to the community. We should hope that she will be a better citizen when she does. Perhaps incarceration will have that effect. The sentencing court was within its discretion to believe that to be the case. Studies seem to suggest the contrary. I would prefer to see valuable resources used in a more productive way.