# IN THE COURT OF APPEALS OF IOWA

No. 3-1107 / 13-0464
Filed February 5, 2014

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**ANTOINE LAMONT WORTHUM JR.**
　　Defendant-Appellant.

_____

　　Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

　　Defendant challenges the court's sentencing order.  **AFFIRMED.**

　　Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant State Appellate Defender, for appellant.

　　Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Stephen Holmes, County Attorney, and Adam Kenworthy, Student Legal Intern, for appellee.

　　Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Antoine Worthum Jr. challenges the sentences imposed following his pleas of guilty to second-degree theft and assault causing bodily injury. Worthum argues the court relied on an improper sentencing factor and abused its discretion in failing to consider any mitigating factors. We affirm.

**I. Background Facts and Proceedings**

The State and Antoine Worthum Jr. reached a plea agreement on two Story County cases. Worthum entered a guilty plea in FECR45604 to second-degree theft and in FECR48367 to assault causing bodily injury. There was no agreement regarding sentencing.

**A. Theft.** In September 2010 an Ames, Iowa, home was burglarized. A pawn store's log identified Worthum as the person who pawned the stolen items. During the February 2013 plea colloquy, Worthum admitted having stolen property valued in excess of $1000 in his possession in September and October 2010. He also admitted he intended to deprive the owner of that property. *See* Iowa Code § 714.1(1), .2(2) (2009) (class "D" felony).

The court ordered a presentence investigation report (PSI). The PSI recommended a five-year sentence, stating:

> Department risk assessments indicate [Worthum] is at a high risk to reoffend. [Worthum] has demonstrated a pattern of criminality. [He] verbalized little remorse for the victim in the instant and pending [assault] case. He denied taking the . . . possessions but admitted to pawning them off. During the PSI interview [Worthum stated] he wishes to change his ways and become a better father to his children. [Worthum's] criminal belief system underlies most, if not all, of his unlawful behavior.

**B. Assault.** In December 2012 Worthum attended an after-party in a motel room. A gun was fired and during the ensuing disturbance, Worthum pulled a cigarette out of his mouth and burned the victim on the right side of her face. In his written plea, Worthum admitted "on or about December 2, 2012, I did commit an assault by burning [the victim] with a cigarette. This resulted in a bodily injury." *See* Iowa Code § 708.1(1), .2(2) (2011) (serious misdemeanor).

**C. Sentencing Hearing.** At the March 2013 sentencing hearing, the State urged the court to impose a term of five years for the theft conviction and one year for the assault conviction and to run the sentences consecutively. Referencing the PSI, the State argued Worthum's "interventions dealing with community services, probations, they just haven't taken effect."

Defense counsel acknowledged Worthum "does not have a perfectly clean record. He does have interventions in his past. The situation that led to the assault was a heightened situation." Counsel asked the court to order community services at a halfway house and to impose a deferred judgment or a suspended sentence and probation.

Worthum addressed the court, accepted full responsibility, and requested a deferred judgment.

The court sentenced Worthum to an indeterminate five-year term for the second-degree theft conviction. For the assault-causing-bodily-injury crime, the court imposed a one-year term. The court ordered the sentences to run consecutively.

Worthum now appeals and seeks resentencing.

## II.  Scope and Standards of Review

We review sentences for correction of errors at law.  *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).  When, as here, a sentence does not fall outside statutory limits, we will overturn the sentence only "for an abuse of discretion or the consideration of inappropriate factors."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III.  Discussion

**A.  Improper Factor.**  Worthum contends the district court relied on an improper sentencing factor.  He argues the district court's statement, "You probably changed the life of this victim forever," is an improper sentencing consideration and shows the court's reliance on an unproven fact.

Sentencing decisions are cloaked with a strong presumption in their favor. *Grandberry*, 619 N.W.2d at 401.  Our "task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."  *Formaro*, 638 N.W.2d at 725.  A sentence will not be upset on appeal unless the defendant demonstrates there is no support for the decision in the evidence.  *State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006).

At the sentencing hearing, the court stated the sentences needed to make Worthum "understand how critically important it is that you make mature, responsible decisions."  The court explained its reasoning:

> What the record shows is that up to this point in life you really haven't done that.  You have a long criminal history for somebody your age [twenty-five].  You've been to prison before on a theft-related offense.  You've got some assault convictions.  Now you're back here in court again on those very same things.  After having been put on probation, after having been in prison, after

having various treatments and interventions, you are still committing criminal offenses. You are still committing serious criminal offenses. You simply cannot do that.

. . . I think what you have demonstrated pretty convincingly is that you are unable to live with the rest of us without committing serious criminal charges.

Mr. Worthum, I do not understand how more probation or another suspended sentence is going to do anything to rehabilitate you when they haven't done that up to this point in time. You have to understand you did not have the right to assault someone. When you take that right away from someone, there are going to be serious consequences both to yourself and to the victim of this offense. *You probably changed the life of this victim forever and you have to understand that.* That's a responsibility you now have to own and accept.

. . . Mr. Worthum, you cannot continue to victimize the people of your community without expecting to suffer some serious consequences.

. . . [B]ut I hope you'll serve enough time in prison that when you get out this time you will decide this is not how I want to spend my life . . . . [You] are still a young man. You will still have plenty of time to go out and have some real success with your life if you start doing a better job with your decision making. That's what this sentence is intended to do, to make you understand the consequences of poor decision-making and to put you in a position where you will start doing a much better job making those decisions.

(Emphasis added.)

When we consider the challenged statement in context, we conclude it relates to the nature and severity of the assault Worthum committed. He assaulted the victim by using a lit cigarette to burn her face. The court was not commenting on an unproven fact but rather addressing the severe nature of Worthum's assaultive act. It is not unreasonable for the court to try and communicate to Worthum the serious nature of his crimes and the profound effects an assault can have on a victim. We find no merit to this claim.

**B. Abuse of Discretion.** Worthum also argues the district court abused its discretion in failing to consider any mitigating factors and in focusing on Worthum's prior criminal record and the nature of the offense.

A trial court's explanation for selecting a particular sentence "does not need to be detailed" but must provide enough information "to permit review of the trial court's discretionary action." *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994). "The nature of the offense alone cannot be determinative of a discretionary sentence." *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). However, the district court enjoys the latitude to place greater importance on one sentencing consideration over others. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). While a "sentencing court has a duty to consider all the circumstances of a particular case," the court is not required "to specifically acknowledge each claim of mitigation argued by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). In determining whether the district court considered pertinent matters in imposing a particular sentence, we look to all parts of the record to find supporting reasons. *State v. Jason*, 779 N.W.2d 66, 76 (Iowa Ct. App. 2009).

Here, the court considered a variety of relevant factors, such as age, character and propensities, the lack of a positive response to prior interventions, the nature of the offenses, and the similarity to prior offenses. The court found some factors to be more significant than others. *See State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982) (noting the "seriousness of the offense is an important sentencing consideration"). We conclude Worthum has failed to show

the court exercised its discretion "on grounds which are clearly untenable or to an extent clearly unreasonable." *See Boltz*, 542 N.W.2d at 11. Accordingly, we affirm.

**AFFIRMED.**