**IN THE COURT OF APPEALS OF IOWA**

No. 13-1764
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK AARON THOMPSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.


A defendant challenges the probationary sentence entered on his conviction for possession of crack cocaine. **AFFIRMED.**


Benjamin D. Bergmann of Parrish, Kruidenier, Dunn, Boles, Gribble & Gentry, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, John Sarcone, County Attorney, and Andrea Petrovich, Assistant County Attorney, for appellee.


Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

This appeal joins the "myriad challenges" that arise when defendants are sentenced without a record of the reasons for the chosen punishment.[1] Mark Aaron Thompson asks to be resentenced because the judge did not check any of the fifteen available boxes on the sentencing form to show which factors were "most significant" in determining his particular sentence. Citing *State v. Mudra*, 532 N.W.2d 765, 766-67 (Iowa 1995), the State contends Thompson waived his claim by failing to provide this court with a record of the sentencing hearing affirmatively disclosing a violation of Iowa Rule of Criminal Procedure 2.23(3)(d). Being bound by *Mudra*, we affirm.

## I.      Background Facts and Proceedings

On July 11, 2013, Des Moines police officers stopped Thompson for driving while barred. During the traffic stop, they found a rock of crack cocaine on the driver's seat.

By trial information filed on August 19, 2013, the Polk County Attorney charged Thompson with possession of a controlled substance, second offense, an aggravated misdemeanor, in violation of Iowa Code section 124.401(5) (2013). He entered a written guilty plea on September 26, 2013. As part of the plea deal, the prosecution agreed to recommend a sentence of sixty days in jail, while Thompson was free to ask for a sentence of thirty days or less. Neither the State nor Thompson sought additional time on probation. On October 10, 2013,

---

[1] *See State v. Alloway*, 707 N.W.2d 582, 587 (Iowa 2006), *overruled on other grounds by State v. Johnson*, 784 N.W.2d 192 (Iowa 2010).

the court issued an order accepting Thompson's guilty plea and setting sentencing.

According to the written sentencing order, Thompson appeared for sentencing on October 31, 2013. A box was checked on the sentencing order indicating: "Defendant waived reporting and record of the Sentencing Hearing." The sentencing order also contained the following paragraph:

> On inquiry, no legal cause has been shown to prevent sentencing on this date. Defendant was given an opportunity to speak in mitigation of the sentence. The following sentence is based on all of the available SENTENCING CONSIDERATIONS set out in Iowa Code Section 907.5. The court finds the following factors the most significant in determining this particular sentence:
>
> □ The nature and circumstances of the crime
> □ Protection of the public from further offenses
> □ Defendant's criminal history
> □ Defendant's substance abuse history
> □ Defendant's propensity for further criminal acts
> □ Statutory sentence requirements
> □ Defendant's statement
> □ Defendant's family circumstances
> □ Maximum opportunity for rehabilitation
> □ Victim impact statement
> □ Defendant's age and character
> □ Defendant's mental health history
> □ Defendant's employment
> □ The Plea Agreement
> □ _____

The district court did not check any of the boxes. The court sentenced Thompson to two years in prison, with all but fifteen days suspended, a $625 fine, and two years of probation. Unhappy with the probationary period, Thompson appeals his sentence.

**II.     Standard of Review**

We review criminal sentences and compliance with Iowa Rule of Criminal Procedure 2.23(3)(d) for correction of legal error.  *State v. Jason*, 779 N.W.2d 66, 72 (Iowa Ct. App. 2009).  We "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  We will not find an abuse of discretion unless the defendant establishes the sentencing court exercised its discretion for reasons clearly untenable or to an extent clearly unreasonable. *State v. Buck*, 275 N.W.2d 194, 195 (Iowa 1979).

**III.    Analysis**

**A.     Reasons for Sentence**

Thompson first argues the district court erred in failing to give reasons for imposing fifteen days in jail and two years probation.  *See* Iowa R. Crim. P. 2.23(3)(d) ("The court shall state on the record its reason for selecting the particular sentence.").  He acknowledges "on the record" can mean delivering reasons either in open court or in a written judgment entry.  *See State v. Jones*, 817 N.W.2d 11, 24 (Iowa 2012).  But he contends because he waived court reporting and record of the sentencing hearing, the district court violated the rule by leaving the check boxes blank on the written sentencing order.[2]

---

[2] Thompson does not acknowledge *Mudra*.  Instead he asserts his case is "indistinguishable" from our court's recent unpublished decision in *State v. Jackson*, No. 12-0861, 2013 WL 1223846, at *1-2 (Iowa Ct. App. Mar. 27, 2013).  His assertion is incorrect.  Jackson waived not only his right to "have a court reporter make a verbatim record" of the proceedings but also his "right to speak to the judge about punishment and sentencing."  *Id.* at *1.  It was not clear that Jackson had an exchange with the sentencing judge.  *Id.* at *2.  If the defendant did not appear for a sentencing hearing,

The State counters that Thompson did not preserve error on his sentencing claim because he waived court reporting of the sentencing hearing *and* did not otherwise try to recreate the record for appellate review. The State relies on *Mudra* where the supreme court rejected a defendant's claim the district court abused its discretion in failing to state reasons on the record. *See Mudra*, 532 N.W.2d at 766–67. The supreme court said it was unclear whether the district court provided reasons for Mudra's sentence during the proceedings and declined to speculate as to what took place. *Id.* at 767. The court explained Mudra "voluntarily waived transcription and then, having decided to appeal, made no attempt to make a record of the district court proceedings by either a supplemental statement of proceedings under Iowa Rule of Appellate Procedure 10(c) [now rule 6.806] or by creating a bill of exceptions under Iowa Rule of Criminal Procedure 23.1 [now rule 2.25(1)]." *Id.* The court concluded the lack of a record on appeal was "Mudra's own doing." *Id.*

The State also cites to *Alloway*, where the supreme court followed *Mudra*, finding the defendant could not show an abuse of the sentencing court's discretion when he failed to submit a record for appeal. *See Alloway*, 707 N.W.2d at 586. *Alloway* parsed Iowa Rule of Criminal Procedure 2.23(3)(d) into two separate requirements: (1) that the court state its reasons and (2) that the court make a record of those reasons. *Id.* at 584. But the supreme court

---

there was no possibility the district court satisfied rule 2.23(3)(d) by orally giving reasons for the sentence. The boilerplate reason given in Jackson's written sentencing form was inadequate to satisfy rule 2.23(3)(d), so we reversed and remanded. *See State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987) (case remanded for resentencing because record was insufficient for review when no transcript was made and district court stated insufficient reason for sentence in the sentencing order).

recognized making a sentencing record is "not solely within the province of the district court." *Id.* at 586. The supreme court reiterated the two rules cited in *Mudra* allow a defendant to recreate the record of a sentencing hearing where court reporting was waived. *Id.* The *Alloway* decision ultimately explained: "As in *Mudra,* we will not permit a defendant to raise an issue without attempting to give us a record upon which we can decide the issue." *Id.*

In the instant case, the written order stated that Thompson appeared for sentencing and was given the opportunity to speak in mitigation. As the supreme court expressed in *Mudra*, we cannot speculate about what else happened at that proceeding. Under existing precedent, it was Thompson's obligation to produce a record supporting his claim that the sentencing court gave no reasons. Showing on appeal that the sentencing court skipped the check boxes on the written order was only half the battle. Thompson also needed to submit a record showing the sentencing court failed to state any reasons at the hearing. Having waived court reporting and transcription of the hearing, Thompson's only options were to prepare a statement of the proceedings under Iowa Rule of Appellate Procedure 6.806(1) or a bill of exceptions under Iowa Rule of Criminal Procedure 2.25. *See Alloway*, 707 N.W.2d at 586; *Mudra*, 532 N.W.2d at 767. Not having pursued either of these options, he waived his appellate claim that the court violated Iowa Rule of Criminal Procedure 2.23(3)(d).

While our decision is consistent with the holdings in *Mudra* and *Alloway*, we realize the circumstances here do not represent best practices. The district court knew Thompson waived reporting and record of the sentencing hearing, yet

overlooked the opportunity to memorialize the reason it decided to place the defendant on probation for two years—when doing so would have required no more than checking the appropriate box on the form.

In *Mudra*, the court stated: "We believe, and strongly advise, that the better practice for a district court in situations where there is no transcription of the proceedings is to always state sufficient reasons in the sentencing order." 532 N.W.2d at 767.

Ten years later—frustrated by a string of resentencing cases which resulted in "a waste of judicial time and resources"—the *Alloway* court was motivated to say:

> [W]e again urge district courts to fastidiously follow the reason-for-the-sentence requirements, absent a clear record supporting a waiver of the twin requirements, to head off the myriad challenges and claims that seem to arise when defendants are sentenced to incarceration without a record of the reasons for the sentence.

707 N.W.2d at 587.

Now, eight years after *Alloway*, we still see a steady stream of appeals challenging the lack of a record showing the reasons for sentencing.[3]  Many of

---

[3] *See, e.g., State v. Myrick*, No. 13-1054, 2014 WL 955907, at *1 (Iowa Ct. App. Mar. 12, 2014); *State v. Fister*, No. 13-0977, 2014 WL 957437, at *1 (Iowa Ct. App. Mar. 12, 2014); *State v. Turner*, No. 13-0181, 2013 WL 5745837, at *2 (Iowa Ct. App. Oct. 23, 2013); *Jackson*, 2013 WL 1223846, at *1; *State v. McDowell*, No. 12-0377, 2013 WL 104824, at *1 n.1 (Iowa Ct. App. Jan. 9, 2013); *State v. Spurgeon*, No. 11-1264, 2012 WL 2122465, at *2 (Iowa Ct. App. June 13, 2012); *State v. Hoon*, No. 10-1551, 2011 WL 2041581, at *1 (Iowa Ct. App. May 25, 2011); *State v. Garcia*, No. 09-1691, 2010 WL 5394833, at *1 (Iowa Ct. App. Dec. 22, 2010); *Addison v. State*, No. 09-1109, 2010 WL 4140439, at *4-5 (Iowa Ct. App. Oct. 20, 2010); *State v. Strickland*, No. 10-0494, 2010 WL 3503445, at *1-2 (Iowa Ct. App. Sept. 9, 2010); *State v. Wisecup*, No. 09-0469, 2009 WL 3337638, at *2 (Iowa Ct App. Oct. 7, 2009); *State v. Bean*, No. 05-1799, 2006 WL 1229998, at *1 (Iowa Ct. App. Apr. 26, 2006).

these appeals originate in large urban counties with busy criminal dockets reducing the likelihood the sentencing judge or participating attorneys could realistically recall if reasons were given at an unreported hearing for purposes of recreating the record under Iowa Rule of Criminal Procedure rule 6.806 or Iowa Rule of Appellate Procedure 2.25(1).

Given the recurring issue, it may be prudent for our supreme court to revisit *Mudra* and interpret "on the record" in Iowa Rule of Criminal Procedure 2.23(3)(d) to require reasons for sentencing be set out in a written order if the sentencing hearing is not reported. *See State v. Bruce*, 795 N.W.2d 1, 3 (Iowa 2011) (entertaining possibility of revisiting interpretation of language in criminal procedure rules). But unless and until the supreme court decides to reconsider its earlier cases, we are bound by their holdings.

### B.     Sentence Not Condition of Plea Agreement

In his second assignment of error, Thompson argues he is entitled to resentencing because the district court failed to "embody in the judgment and sentence the disposition provided for in the plea agreement." We reject this claim. The district court accepted Thompson's plea without binding itself to any particular sentence. Thompson's petition to plead guilty acknowledged "[t]he Court is not bound by the plea agreement and may impose the maximum sentence as allowed by law." The district court did not commit error in issuing its sentence.

**AFFIRMED.**