# IN THE COURT OF APPEALS OF IOWA

No. 17-0887
Filed February 21, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**OSCAR DELEON VALDEZ,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson (plea) and David May (motion and sentence), Judges.

A defendant appeals his conviction and sentence for possession of a controlled substance with intent to deliver.  **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Oscar Valdez was charged with possession of a controlled substance with intent to deliver under Iowa Code section 124.401(1)(c)(2)(b) and (d) (2015). Valdez pled guilty and was convicted. On appeal, Valdez argues his counsel was ineffective for allowing him to plead guilty without a factual basis.

In April 2016, Valdez was pulled over for failing to have a front license plate. The officer found eight grams of cocaine on Valdez and a small digital scale in Valdez's vehicle. Valdez pled guilty in August; the court accepted the guilty plea after a colloquy with Valdez.

Valdez did not file a motion in arrest of judgment and therefore brings this claim under an ineffective-assistance-of-counsel framework. Valdes argues his counsel was ineffective for allowing him to plead guilty to charges for which there was no factual basis. He also alleges his counsel provided ineffective assistance for failing to file a motion in arrest of judgment claiming the district court did not comply with Iowa Rule of Criminal Procedure 2.8(2)(b) when it accepted his guilty plea without ensuring that it was supported by a factual basis.

Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Wills*, 696 N.W.2d 20, 22 (Iowa 2005). "There is a strong presumption that the performance of counsel falls within the wide range of reasonable professional assistance." *Wemark v. State*, 602 N.W.2d 810, 814 (Iowa 1999).

To determine whether counsel was ineffective for allowing Valdez to plead guilty, we must determine whether there was an adequate factual basis for Valdez's guilty plea to possession of a controlled substance with intent to deliver. "A factual basis can be discerned from four sources: (1) inquiry of the defendant,

(2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). "[T]he record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.*

To prove Valdez possessed a controlled substance with intent to deliver, the State must show three elements: (1) possession (2) of a controlled substance (3) with intent to deliver. *See* Iowa Code § 124.401(1); *State v. Welch*, 507 N.W.2d 580, 582 (Iowa 1993). Valdez argues there is not a sufficient factual basis he had an intent to deliver.

The minutes of testimony reflect Valdez was found with eight grams of cocaine and a small digital scale. Valdez was asked during the plea proceedings whether he was going to share the cocaine with other people; he responded, "[S]ometimes I share." Valdez admitted the amount of cocaine found by police was more than a single dosage. Valdez contends the fact he shares his cocaine "sometimes" does not prove intent to deliver the specific cocaine he was in possession of at the time of his arrest. A scale was found in Valdez's vehicle. Valdez argued in his presentence investigation report: "I use cocaine every day and use a scale to weigh my cocaine to avoid an overdose."

To find a factual basis, the court "must only be satisfied that the facts support the crime, 'not necessarily that the defendant is guilty.'" *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (citation omitted). Our courts have found digital scales to be evidence of intent to deliver. *See State v. Scalise*, 660 N.W.2d 58, 62 (Iowa 2003); *State v. Hill*, 465 N.W.2d 309, 311 (Iowa Ct. App. 1990). The record

demonstrates a factual basis for Valdez's guilty plea; Valdez's counsel was not ineffective for allowing him to plead guilty.

We affirm.

**AFFIRMED.**