# IN THE COURT OF APPEALS OF IOWA

No. 19-2060
Filed February 3, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**OSCAR MIGUEL NUNEZ CABRERA,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Marshall County, Bethany Currie,

Judge.


     Oscar Nunez Cabrera appeals the sentences imposed following his guilty

pleas. **AFFIRMED.**



     Shawn Smith, The Smith Law Firm, PC, Ames, for appellant.

     Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.



     Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

Oscar Nunez Cabrera appeals from the sentences entered following the district court's acceptance of *Alford*[1] pleas to burglary in the second degree, domestic abuse assault causing bodily injury, and stalking while subject to a protective order. He argues the district court abused its discretion in imposing the statutory maximum sentences and the sentences were grossly disproportionate to the crimes committed.

We address Cabrera's jurisdictional argument before our discussion of the merits. Cabrera appealed his sentences for crimes charged in a felony case. In a footnote of his appellate brief, Cabrera asked this court to also consider the sentences imposed for crimes contained in a separate aggravated-misdemeanor case. The latter case is admittedly not listed on the notice of appeal. Cabrera argues this court has authority to consider the additional sentences "because the sentences were pronounced simultaneously." While this case was pending, another panel of this court addressed the aggravated-misdemeanor claims in a separate appeal and affirmed that sentence. *See generally State v. Nunez Cabrera*, No. 19-2058, 2020 WL 5650606 (Iowa Ct. App. Sept. 23, 2020). We will not address the claims again. In addition, Cabrera does not forward an argument in relation to his sentences in the aggravated-misdemeanor case, so we deem any such argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3). We proceed to the merits of the appeal related only to the sentences entered in the felony case.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he [or she] is unwilling or unable to admit his [or her] participation in the acts constituting the crime.").

Our review of Cabrera's first claim is for abuse of discretion. *See State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983). "An abuse will not be found 'unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (quoting *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982)). "An abuse of discretion is rarely found when sentence is imposed within the statutory maximum unless (1) the trial court fails to exercise its discretion or (2) the trial court considers inappropriate matters in determining what sentence to impose." *Id.* at 494 (internal citations omitted). Our review on the gross-disproportionality claim is de novo. *See State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

Cabrera argues the district court abused its discretion in imposing the maximum sentences on all charges. He also argues it abused its discretion in ordering that the burglary and domestic-assault sentences would run concurrently and that they would run consecutively to the sentence for stalking while subject to a protective order. Cabrera alleges the district court failed to adequately state the reasons for imposing the sentence and that his lack of prior criminal history and substance-abuse issues are mitigating circumstances. The district court made the following statements during the sentencing hearing:

> In selecting this particular sentence for you, I have considered your age, your education, your limited prior criminal history, your employment, your family circumstances, the nature of the offenses committed and the harm to the victims, whether a weapon or force was used in the commission of the offenses, the need to protect the community, the State's recommendation, your attorney's recommendations, the presentence investigation report recommendation, your statement made here today, your character, propensities, needs, and potential for rehabilitation, the need to deter you and others similarly situated from committing offenses of this nature.

. . . .

Sir, I understand your attorney's argument that probation is appropriate because you really do have a relatively limited criminal history. This does not appear to be in character for you if you're looking at your previous criminal history. However, looking at the offenses and the relatively short amount of time in between each of them and the repeated contacts and attempts to terrorize [the protected person], I don't believe that a suspended sentence is appropriate. I think that your rehabilitative needs are best served by a period of incarceration. The sentences that I have imposed—some will run concurrently, and some will run consecutively to each other.

. . . I find that appropriate because the offenses were committed on different dates. As reflected in the presentence investigation report, you have not accepted responsibility for your offenses, and at the time of the guilty plea hearing, you entered Alford pleas which, again, don't show any acceptance of responsibility on your part for you actions.

Our review of the record reveals the district court made an extensive statement of its reasons for Cabrera's sentence. It specifically noted Cabrera's limited criminal history and that the crimes appeared to be out of character. We find the district court exercised its discretion properly and not for reasons clearly untenable or to an extent clearly unreasonable. *See Pappas*, 337 N.W.2d at 493.

We now turn to the gross-disproportionality claim. Our inquiry uses a three-step test. *State v. Propps*, 897 N.W.2d 91, 103 (Iowa 2017). "The first step in this analysis is a threshold question, and if the first step is not satisfied, we need not proceed to steps two and three." *Id.* We must first "determine whether [the] sentence leads to the inference that it was grossly disproportionate." *Id.*

First, we give substantial deference to the legislature when it establishes punishments for certain crimes. Second, "it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." Third, a recidivist offender is more culpable than a first-time offender and therefore more deserving of a longer sentence. Last, a case can have unique features that may "converge to generate a high risk of potential gross disproportionality" and so we must consider the unique facts of the case.

*Id.* (quoting *Oliver*, 812 N.W.2d at 647).

The district court imposed terms of incarceration and ordered that the stalking sentence would run consecutively to the concurrent terms of incarceration for burglary and domestic assault. In doing so, it considered Cabrera's lack of criminal history and that the crimes appeared to be out of character. The district court then weighed those factors against "the relatively short amount of time in between each of [the offenses] and the repeated contacts and attempts to terrorize" the protected person. The record is clear that Cabrera engaged in repeated, purposeful, threatening and violent conduct with a person he was barred from contacting pursuant to a court order. It is obvious from those facts that the district court appropriately weighed "the gravity of the crime against the severity of the sentence." *Id.* (quoting *Oliver*, 812 N.W.2d at 647). We find no inference of gross disproportionality.

On our review of the record we find the district court did not abuse its discretion in sentencing Cabrera. We also find no inference of gross disproportionality.

**AFFIRMED.**