Sue **RICHERS**, Appellee,

v.

**MARSH & McLENNAN GROUP ASSOCIATES, d/b/a Riepe, Buchanan & Piper; James Sourbeer and Joseph Piper, Appellants.**

No. 89–1164.

Supreme Court of Iowa.

July 18, 1990.

William J. Koehn and Deborah Tharnish Craig of Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, for appellants.

Patrick M. Roby, Diane Kutzko, and Mark L. Zaiger of Shuttleworth & Ingersoll, Cedar Rapids, and Alanson K. Elgar, Mt. Pleasant, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and SNELL, JJ.

SCHULTZ, Justice.

The issues on this appeal arise from a ruling on a motion to disqualify opposing attorneys. In the action plaintiff Sue Richers made claims against her former employer, Marsh & McLennan Group Associates (MMGA), and two officers of MMGA, James Sourbeer and Joseph Piper, stemming from the termination of her employment with that insurance brokerage firm. Plaintiff is represented by Alanson Elgar of the Elgar Law Firm and Patrick M. Roby of Shuttleworth & Ingersoll, P.C. (Shuttleworth). Defendants moved to disqualify plaintiff's attorneys due to an alleged conflict of interest arising from Shuttleworth's earlier representation of MMGA. The district court overruled that portion of the motion concerning Elgar and also allowed Shuttleworth to continue as counsel on condition. Defendants appeal and urge that both firms be removed. We reverse that portion of the ruling involving Shuttleworth and affirm the remainder.

The alleged conflict of interest arises from another suit. In January 1987 John Oaks, an insured, sued MMGA and Combined Insurance Company of America (Combined) for denying his disability claim. Oaks alleged in part that an MMGA employee had given him incorrect insurance-coverage information. In 1987 Sue Richers, the plaintiff here, was an assistant vice-president and the manager of the administrative department in which this employee worked. It is undisputed that Richers is an important witness in the Oaks case. In defending this case, MMGA and Combined retained the Shuttleworth firm.

Partner Wayne Collins and associate William Hochstetler acted for Shuttleworth.

In October 1987 MMGA terminated plaintiff Richers' employment. MMGA considered plaintiff's termination to be a "troublesome" one because of her long tenure with the company and her retention of Elgar to act for her on the termination. MMGA retained Patricia Shoff, a partner in the Davis, Hockenberg, Wine, Brown, Koehn & Shors firm, to act as its counsel in this matter.

MMGA vice-president James Sourbeer spoke with Hochstetler following plaintiff's termination. Hochstetler was evidently concerned with plaintiff's availability as a witness in the pending Oaks suit. While it is unclear what was told to whom, the object of at least four phone conversations between Hochstetler, Sourbeer and Shoff was a "termination package" to be offered plaintiff which would be conditioned on her agreeing to sign a release ensuring her "full cooperation and availability" on the Oaks suit. No release was ever signed, however.

In November 1987 Elgar informed all parties that his client was contemplating a suit against MMGA and had hired Roby of Shuttleworth as co-counsel. MMGA immediately objected to Roby's employment claiming a conflict of interest based on Shuttleworth's involvement in the Oaks case. Following a call to Collins, MMGA was informed that Roby would not represent plaintiff.

In less than fifteen months, Shuttleworth's employment made a complete reversal. In the summer of 1988 Combined requested that Shuttleworth be replaced by new counsel in the Oaks case. MMGA agreed and Shuttleworth withdrew; new counsel was hired. In January 1989 plaintiff Richers, represented by both Elgar and Shuttleworth, filed the suit which is on appeal here. Her petition against defendants contains counts alleging (1) tortious interference with a business relationship, (2) denial of certain termination benefits, (3) termination in violation of public policy, (4) breach of an employment contract and (5) false representations.

MMGA was not pleased with Shuttleworth's change of position in representing Richers. It promptly filed the motion to disqualify. As indicated earlier, defendants appealed from the conditional denial of its motion.

On appeal defendants contend the record established the alleged conflict, and the district court erred by failing to disqualify counsel. Plaintiff claims that the appeal should be dismissed or denied because defendants failed to obtain permission to appeal. We address plaintiff's contention first.

I. *Appeal procedure.* Defendants sought appellate relief under procedures applicable to an appeal from a final judgment of the district court pursuant to Iowa Rule of Appellate Procedure 1. Plaintiff contends this appeal must be dismissed because the challenged ruling was not a final judgment.

We have defined a final judgment as one that conclusively adjudicates all of the rights of the parties. *Lyon v. Willie,* 288 N.W.2d 884, 886 (Iowa 1980). "Such an adjudication puts it beyond the power of the court to place the parties in their original positions." *Id.*

We have not previously addressed the issue of whether a ruling denying a motion for disqualification of counsel is a final order. Recently, in *Killian v. Iowa District Court for Linn County,* 452 N.W.2d 426 (Iowa 1990), we granted certiorari when the district court disqualified counsel. The issue of finality of the ruling was not raised or discussed in our holding.

We do not believe that the denial of a motion to disqualify counsel is a final judgment. If the case was tried to completion with present counsel, error in the ruling could be rectified by a reversal. We recognize that confidential information may be utilized, however. When this possibility exists, the remedy is a request for interlocutory appeal.

Our determination that defendants have attempted to appeal as a matter of right from an interlocutory ruling without permission does not require a dismissal of the

appeal. Rule 1(c) permits our court to consider appeals which were improvidently taken from interlocutory orders. An interlocutory appeal may be granted if we find that the "ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R.App.P. 2(a). The standard for granting an appeal is the same under both rule 1(c) and 2(a). See Banco Mortgage Co. v. Steil, 351 N.W.2d 784, 787 (Iowa 1984). Defendants alternatively request that we make this finding.

In this case we believe that the requirements for an interlocutory appeal are met. Should we refuse to exercise our discretion to decide this issue before trial, whatever confidences and privileged information, if any, are revealed during the course of the proceedings would become part of the record. If we then determined on appeal that Shuttleworth should have been disqualified and ordered a new trial, defendants would be irreparably harmed by any improper use of such information. We therefore consider the appeal of the trial court's ruling.

As a caveat to counsel in future cases, the failure to seek permission to file an interlocutory appeal may be fatal to appeal. Whether opposing counsel raises the issue or not, we will only grant relief under rule 1(c) when the facts are such that an interlocutory appeal is warranted. A dismissal late in the appellate process may be costly and embarrassing.

■ II. *Scope of Review.* In *Killian* we held that our scope of review of a ruling on attorney disqualification motions is for abuse of discretion. 452 N.W.2d at 428. We will not find an abuse unless it is shown that the discretion was exercised on grounds clearly untenable, or to an extent, clearly unreasonable. *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982). An abuse may arise from an erroneous conclusion and judgment by the court. *Id.* (citing *Best v. Yerkes,* 247 Iowa 800, 816, 77 N.W.2d 23, 32 (1956).

■ III. *Disqualification.* Defendants claim that Canons 4 and 9 of the Iowa Code of Professional Responsibility preclude Shuttleworth from representing plaintiff in this matter. Canon 4 recognizes the importance of preserving "the confidences and secrets of a client," and Canon 9 requires a lawyer to avoid "even the appearance of professional impropriety."

A disqualification motion by a litigant against his former lawyer now representing his foe involves conflicting rights which usually does not involve the merits of the case. A party has the right to his choice of attorney. An attorney has the right to represent new clients without interference from former clients. These rights are subject to the rights of a former client's interest in safeguarding a previously established confidential relationship.

■ Additionally, the appearance of fairness is essential to our system of justice. Although we believe that in this case no party intended to act improperly, an attorney must avoid the appearance of impropriety. A mere claim of a conflict does not violate Canon 4, however.

■ All litigants agree that an attorney should be disqualified from representing a party against a former client if the two representations bear a "substantial relationship" to each other. *See Emle Indus., Inc. v. Patentex, Inc.,* 478 F.2d 562, 570 (2d Cir.1973). The movant has the burden of proving that the two representations are substantially related. *Fred Weber, Inc. v. Shell Oil Co.,* 566 F.2d 602, 608 n. 7 (8th Cir.1977). If such a relationship is found then the court will assume that the attorney obtained information in the first representation that is relevant to the subsequent litigation. *Emle,* 478 F.2d at 571; *Killian,* 452 N.W.2d at 430; *Alexander v. Superior Court,* 141 Ariz. 157, 164, 685 P.2d 1309, 1316 (1984). The movant need not show that confidences and secrets were divulged in order for a conflict to exist. *Foulke v. Knuck,* 162 Ariz. 517, 522, 784 P.2d 723, 728 (Ariz.App.1989).

The district court found that defendants had established "that a conflict of representation and interest exist as to plaintiff's

counsel." The court limited this finding to count II of plaintiff's petition which alleged improper denial of termination benefits because she would not sign a release. The trial court determined that Hochstetler had been involved with the preparation of the release causing the conflict. The court concluded that defendants failed to show a conflict concerning the other counts, since there was no showing that plaintiff's counsel had been provided secret and confidential information concerning plaintiff's discharge or that plaintiff's discharge was related to the Oaks case.

We believe the district court's finding that a conflict of representation and interest regarding count II is equivalent to a determination that Shuttleworth's earlier representation of MMGA is substantially related to the present suit. We cannot agree that the substantial relationship of the suits only applies to count II. Each count in plaintiff's petition grows out of the termination of her employment. While the Oaks suit alleges that misinformation was given to a policyholder, it is uncontradicted that this complaint was directed against an employee supervised by plaintiff and that plaintiff was an important witness in the case. The ability of MMGA to properly train and supervise its personnel is a central issue in both cases. As the person responsible for supervising and training the employee implicated in the dispersal of incorrect coverage information, plaintiff's alleged inability to perform these aspects of her job is closely related to Oaks' claim and is crucial to her own causes of action. *See, e.g., Paul E. Iacono Structural Eng'r, Inc. v. Humphrey,* 722 F.2d 435, 440 (9th Cir.) (if factual context of two representations are similar or related a substantial relationship exists), *cert. denied,* 464 U.S. 851, 104 S.Ct. 162, 78 L.Ed.2d 148 (1983); *In re Corrugated Container Antitrust Litigation,* 659 F.2d 1341, 1346 (5th Cir. Unit A 1981) (when parts of current and past representations concern the same subject they are substantially related); *Geisler v. Wyeth Laboratories,* 716 F.Supp. 520, 525 (D.Kan.1989) (cases found to be substantially related when a director played a "key role" in

both). We conclude that all counts in plaintiff's petition are substantially related to the Oaks suit.

Since the issues in the two cases are substantially related, defendants need not show any actual exchange of confidences. The rule in *Killian, Foulke,* and *Alexander* affords the former client a presumption of disclosure of confidences in the former representation. The district court did not afford defendants this presumption. The trial court therefore abused its discretion in denying defendants' motion to disqualify Shuttleworth from representing plaintiff on the remaining counts in her petition. *See Kluht v. Mitchell,* 199 Iowa 1163, 1168, 199 N.W. 294, 296 (1924) (trial court's denial of husband's motion to disqualify attorney who had represented him in divorce action based on infidelity from representing opposing party in alienation of affections action was a clear abuse of discretion).

■ IV. *Disqualification of Elgar.* Defendants claim that the trial court erred in allowing Elgar to continue to represent plaintiff. We disagree. Because Elgar did not have an attorney-client relationship with MMGA, he is not subject to disqualification under Canon 4. *See Weber,* 566 F.2d at 607–08. He can only be disqualified on the basis of a violation of Canon 9's prohibition against the "appearance of impropriety." *See id.* at 609.

In *State v. Dean Foods Prods. Co.,* 605 F.2d 380, 388 (8th Cir.1979), the Eighth Circuit held that a law firm whose co-counsel had been disqualified solely because it had represented a party in a related case should not be similarly disqualified. "The same appearance of impropriety present when an attorney and his firm represent conflicting interests ... is not present in the mere act of a disqualified lawyer's co-counsel continuing in the case after his co-counsel's disqualification." *Id.* There was no showing of actual impropriety by Elgar nor do we perceive an appearance of impropriety on his part. The trial court did not err in refusing to disqualify Elgar.

V. *Summary.* We grant interlocutory review. We hold that the court erred in denying defendants' motion to disqualify the Shuttleworth firm on all counts of plaintiff's petition. We agree that Elgar is not disqualified from continuing to represent plaintiff in this matter.

AFFIRMED IN PART, AND RE-VERSED IN PART, AND REMANDED.