Jay W. HOFFMANN, Appellant,

v.

**INTERNAL MEDICINE, P.C. OF OTTUMWA, Appellee.**

No. 94–581.

Court of Appeals of Iowa.

April 23, 1995.

Gayla R. Harrison of Johnson, Hester & Walter, Ottumwa, for appellant.

Kenneth L. Keith and Richard C. Bauerle of Keith, Orsborn, Bauerle, Milani & Neary, Ottumwa, for appellee.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

This is an interlocutory appeal in a declaratory judgment action from a ruling by the district court granting a motion to disqualify opposing counsel from further participation in the lawsuit. The disqualified counsel challenges the sufficiency of the record to support their removal from the litigation. We affirm the district court on appeal.

This lawsuit was initiated by Jay Hoffmann, a physician, to determine the price of stock he held in a professional corporation, Internal Medicine, P.C. of Ottumwa. Dr. Hoffmann joined the medical corporation in April 1990 and later purchased 33.25 shares of stock for $9,000. In 1993, he announced plans to leave Ottumwa to join a medical practice in Fairbanks, Alaska. A dispute subsequently arose over the repurchase price of the stock issued to Dr. Hoffmann, and resulted in this litigation. Dr. Hoffmann believes the corporation is obligated to repurchase his stock based on its book value pursuant to Iowa Code section 496C.14 (1993). Internal Medicine claims there is an oral agreement, based on past practice, to repurchase the shares for $9,000.

Dr. Hoffmann employed Gayla R. Harrison, of the Ottumwa law firm of Johnson, Hester & Walter, to represent him in the lawsuit. The medical corporation is represented by Kenneth L. Keith, of the Ottumwa law firm of Keith, Orsborn, Bauerle, Milani & Neary. Richard Bauerle is a member of the firm, and a former member of the Johnson, Hester & Walter law firm, then known as Johnson, Bauerle, Hester & Walter. He left Johnson, Hester & Walter in 1988.

Richard Bauerle represented Internal Medicine while a member of Johnson, Hester & Walter, and retained the corporation as a client after he joined Keith, Orsborn, Bauerle, Milani & Neary. He took all but three of the Internal Medicine files when he left his former firm. Johnson, Hester & Walter have had no attorney-client relationship with Internal Medicine since 1989, and have not performed any legal services for the corporation since that time.

Shortly after responding to the petition, Internal Medicine filed a motion to disqualify the Johnson, Hester, Walter law firm from representing Dr. Hoffmann. It claimed that Richard Bauerle's former association with the firm created a conflict of interest in representing Dr. Hoffmann, and required their withdrawal from the case.

The district court granted the motion to disqualify counsel following a hearing. The parties presented no evidence at the hearing, but agreed to allow the court to conduct an in camera inspection of the three Internal Medicine files in the possession of Johnson, Hester & Walter. The court found a substantial relationship between the Johnson law firm's prior representation of Internal Medicine and their present representation of Dr. Hoff-

mann. The court concluded that the appearance of impropriety required disqualification.

Dr. Hoffmann appeals. He argues there was insufficient evidence to support the findings of the trial court.

### I. Standard of Review

■ We review rulings by the district court on motions to disqualify opposing counsel for an abuse of discretion. *Richers v. Marsh & McLennan Group*, 459 N.W.2d 478, 481 (Iowa 1990). An abuse is found only when the discretion was exercised on grounds clearly untenable, or to an extent clearly unreasonable. *Id.* An abuse may arise from an erroneous conclusion and judgment by the trial court. *Id.*

### II. Disqualification

■ The standard used to resolve motions to disqualify counsel based upon prior representation of a present adversary is the "substantial relationship" test. *Id.* This rule calls for disqualification when the subject matter of the new litigation or representation is substantially related to the subject of the prior representation. *Id.* The purpose of the rule is to ensure that a client's confidential communications to his or her lawyer will not be used against that client when the attorney-client relationship has ended and the lawyer later represents a party adverse to the former client. *Satellite Fin. Planning Corp. v. First Nat'l Bank*, 652 F.Supp. 1281, 1283 (D.Del.1987). The test embodies the substance of Canons 4 and 9 of the Code of Professional Responsibility. *See Richers*, 459 N.W.2d at 481. Canon 4 emphasizes the importance of preserving "the confidences and secrets of a client," while Canon 9 admonishes lawyers to "avoid even the appearance of professional impropriety". *Id.* Both Canons recognize the need to protect the integrity of the attorney-client relationship from a conflict of interest, and demand that lawyers serve each client with undivided loyalty.

The "substantial relationship" standard, however, does not establish an absolute prohibition against representing a new client against a former client. It addresses an extremely sensitive area of the practice of law, and involves many conflicting rights.

These rights include the right of a litigant to choose his or her attorney, and the right of a lawyer to represent new clients without interference from former clients. *Id.*

■ The rule must also be applied with other considerations in mind. Courts must be vigilant to prevent a motion for disqualification from being wielded as a weapon for harassment or misuse. *Killian v. Iowa Dist. Court*, 452 N.W.2d 426, 430 (Iowa 1990); *Satellite Fin. Planning Corp.*, 652 F.Supp. at 1283; *Agee v. Paramount Communications, Inc.*, 853 F.Supp. 778, 783 (S.D.N.Y.1994). Moreover, the rule must not be viewed as an impediment to the practice of law. The problems associated with the application of the rule are often felt the most by lawyers in smaller communities. At times, the issue is not readily observable or easily resolved.

■ Furthermore, in evaluating conflicts of interest, it makes no difference if the lawyer is in a firm or is a sole practitioner. *See Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir.1983). Members of firms are generally treated as individual attorneys. When one lawyer is involved the entire firm is involved. *See State v. Hatfield*, 51 Wash.App. 408, 754 P.2d 136 (1988).

Mindful of the competing interests, courts, like lawyers, must approach motions to disqualify an attorney with heightened scrutiny. *Agee*, 853 F.Supp. at 783. It is not a time to "paint with broad strokes", but to carefully examine the specific conduct of each particular case. *United States v. Standard Oil Co.*, 136 F.Supp. 345, 367 (S.D.N.Y.1955).

■ The movant has the burden to prove a substantial relationship between the two representations. *Richers*, 459 N.W.2d at 481. A mere claim of a conflict is insufficient. *Id. See Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1336 (Fed.Cir.1988); *Waters v. Kemp*, 845 F.2d 260, 263–64 (11th Cir.1988). The moving party must produce evidence to support its claim. *Satellite Fin. Planning Corp.*, 652 F.Supp. at 1283. The movant, however, is not required to divulge the actual confidential communication in order to prove the prior

representation is substantially related to the present representation. Such a requirement would compromise the confidentiality sought to be protected. *Id. Richers*, 459 N.W.2d at 481. The evidence must only establish the scope of the legal representation. *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224 (7th Cir.1978). Once a substantial relationship is established, it is assumed the attorney obtained information in the first representation relevant to the subsequent litigation. *Richers*, 459 N.W.2d at 481.

The "substantial relationship" test is applied by making three inquires. *Satellite Fin. Planning Corp.*, 652 F.Supp. at 1283. First the court considers the nature and scope of the prior representation. *Id.* Second the court examines the nature of the present lawsuit against the former client. *Id.* Finally, the court considers whether the client might have disclosed a confidence to his or her attorney in the course of the prior representation which could be relevant to the present action. *Id.* Here, the court adopts a realistic appraisal of the possibility that confidences were disclosed. *Id.*

Although there was no formal evidence submitted in this case, we conclude the trial court did not abuse its discretion in disqualifying the Johnson, Hester & Walter law firm. The in camera inspection conducted by the trial court revealed that the prior representation of Internal Medicine by the Johnson law firm included questions involv-

ing the valuation of stock repurchased by the corporation.[1] The present lawsuit centers on the existence of an oral agreement over the repurchase price of the stock, but questions pertaining to the manner in which the corporation repurchased stock in the past may become relevant in the current case. *See* McCormick on Evidence § 198 (4th ed. 1992) (contracts of a party with third person may show customary practice and course of dealing, and be relevant to prove the terms of the present agreement). Also *See* 2 J. Weinstein & M. Berger, Weinstein's Evidence, § 406[3] at 406–18 (1982) (a party's business transactions with third parties may be relevant to prove the meaning of a contract). It is certainly possible that the corporation disclosed confidences during the prior representation which could surface to help establish or interpret the terms of an agreement with Dr. Hoffmann.

We conclude the trial court did not abuse its discretion. It applied the proper law and arrived at a reasonable conclusion. The corporation's request for sanctions is denied.

**AFFIRMED.**

---

1. We emphasize that trial courts are not required to hold in camera hearings to search for communications. *See Bays v. Theran*, 418 Mass. 685, 639 N.E.2d 720, 725 (1994). The movant must only produce evidence which would allow the court to infer that confidential information was disclosed. *Id.*