# IN THE COURT OF APPEALS OF IOWA

No. 17-0610
Filed August 16, 2017

IN THE MATTER OF THE BARBARA MILLS TRUST DATED APRIL 16, 2015,

MOLLY BODISH,
     Trustee-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

Molly Bodish appeals a district court determination that attorney fees would be assessed against her personally. **APPEAL DISMISSED.**

Brian W. Peters of Kintzinger, Harmon, Konrardy, P.L.C., Dubuque, for appellant.

Douglas M. Henry and Mark J. Willging of Fuerste, Carew, Juergens & Sudmeier, P.C., Dubuque, for appellee Barbara Mills-Larkin.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Beneficiaries of a trust filed petitions asking the district court to take jurisdiction of the trust and compel trustee Molly Bodish to provide an accounting. *See* Iowa Code § 633A.6202 (2016). In time, the beneficiaries sought attorney fees. *See id.* § 633A.4507 ("In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy."); *In re Tr. No. T-1 of Trimble,* 826 N.W.2d 474, 492-93 (Iowa 2013) (discussing factors for consideration in applying section 633A.4507). The district court granted the request, as follows:

> [T]he Court hereby determines that the request for fees associated with the representation of [the beneficiaries] are appropriate. The attorneys shall submit fee affidavits associated with their representation of these individuals named herein. Upon receipt of the affidavits, the Court will enter a judgment for fees against Molly Bodish personally.

The court denied Bodish's motion to reconsider, which asserted in part that the court had yet to hold an evidentiary hearing in the case to make predicate findings. Bodish filed a notice of appeal.

"Appeals are available as of right only from final orders, and we lack jurisdiction of appeals from interlocutory orders unless permission to appeal is granted." *Rowen v. LeMars Mut. Ins. Co. of Iowa*, 357 N.W.2d 579, 581 (Iowa 1984); *accord* Iowa Rs. App. P. 6.101(1), .103, .104(1)(a), .108. "A final order or judgment on an application for attorney fees entered after the final order or judgment in the underlying action is separately appealable." Iowa R. App.

P. 6.103(2).  A judgment is final if it "conclusively adjudicates all of the rights of the parties" and "puts it beyond the power of the court to place the parties in their original positions."  *Richers v. Marsh & McLennan Grp. Assocs.*, 459 N.W.2d 478, 480 (Iowa 1990) (quoting *Lyon v. Willie*, 288 N.W.2d 884, 886 (Iowa 1980)).  "A ruling *is not final* when the trial court intends to do something further to signify its final adjudication of the case," and where "the ruling specifically provides for subsequent entry of a final order, the ruling itself is not a final judgment or decision."  *In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979) (emphasis added).

The attorney fee order filed by the district court was not entered after a final order or judgment in the underlying action.  Iowa R. App. P. 6.103(2).  In addition, the order did not fully resolve the attorney-fee issue.  The court required the attorneys to submit fee affidavits and stated the court would "enter judgment for fees against Molly Bodish personally" "[u]pon receipt" of those affidavits.  The order was not final.

As noted, we have authority to treat a notice of appeal from a non-final order as an application for interlocutory appeal and grant the application.  *See* Iowa R. App. P. 6.108.  We decline to do so here because the question of finality is "not at all close; the order under challenge is plainly interlocutory."  *In re Marriage of Graziano*, 573 N.W.2d 598, 599 (Iowa 1998).  The appeal is dismissed.

**APPEAL DISMISSED.**